IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS MAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 4:04CV00655HEA |
| v. | ) |
| | ) |
| CITY OF ST. CHARLES, MISSOURI, et al, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND/OR FOR SANCTIONS CONCERNING PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF THOMAS MAYER AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, Thomas Mayer, pursuant to Federal Rule of Civil Procedure 26, and in support of said motion, Plaintiff states as follows:

**I.      Introduction**

Defendants' motion to compel discovery should be denied because Defendants' Requests for Production seek to compel the production of essentially any and all conceivable documents of the Plaintiff, Missouri State FOP and Eastern Missouri Coalition of Police, Lodge 15. Improperly broad and burdensome discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and highly disproportionate in scope to the issues in this case.

Defendants' Motion fails to address the scope and language of its discovery requests and addresses unrelated issues of no importance to the language of Defendants' discovery requests at issue, as will be shown below.

## II.     Defendants' Production Requests Are Excessively Burdensome and Intrusive, Improperly Broad and Not Commensurate with Plaintiff and Defendants' Claims.

In defining the power of a district court to impose certain limits on discovery, Fed.R.Civ.P. 26(b)(2) provides in relevant part as follows:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The Advisory Committee Notes to the 1983 Amendment of Rule 26 indicated that the true purpose of discovery "is to provide a mechanism for making relevant information available to the litigants." The Notes further state:

> The spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

Further, Rule 26(c) provides that a protective order may be granted upon motion by a party or by the person from whom discovery is sought to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including limitation (1) that the disclosure or discovery not be had;  (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; and (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Although the standard of relevance in the context of discovery is admittedly broader than

in the context of admissibility, "this often intoned legal tenant should not be misapplied so as to allow fishing expeditions in discovery." Hofer v. Mack Trucks, Inc., 981 F.2d 377 (8th Cir.1992). The party seeking discovery of information which is not clearly relevant to the issues of the case before the court must make some threshold showing of relevance. Id. A trial court is afforded wide discretion in its handling of discovery matters and its decisions will be upheld unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case. Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988).

As will be shown below, this case is analogous to Amcast Industrial Corp. v. Detrex Corp., 138 F.R.D. 115 (N.D. Ind. 1991), in which the plaintiff in that case sought production of

> [a]ll writings relating to or describing any clean-ups, 'removal' actions as that term is defined in Section 101(23) of CERCLA, 'remedial action' as that term is defined in Section 101(24) of CERCLA, remedial investigation or feasibility study in which Detrex has participated or been involved.

The Court in examining the objection that the request was overbroad and irrelevant, and that the information sought is thus not discoverable. The court in denying the motion to compel stated:

> Conceivably, the request would require Detrex to produce "all writings relating to ... any clean-ups, 'removal' actions ... 'remedial action' ... remedial investigation or feasibility study" involving Detrex, regardless of whether the circumstances surrounding such action would bear any similarity to the subject matter of this case. Moreover, the request is unlimited as to time frame, as well as the types of "writings" which are sought, and it falls far short of fulfilling the requirement of Rule 34(b) that each item or category of documents be described "with reasonable particularity." While there can be no doubt, as the plaintiffs insist, that their Request No. 52 may net some relevant information, the same could perhaps be said of a request for each and every document in Detrex's possession. The request in this instance represents not merely a "fishing expedition," but as one court described it, an effort to "drain the pond and collect the fish from the

> bottom." In re IBM Peripheral EDP Devices Anti-Trust Litigation, 77 F.R.D. 39, 41-42 (N.D. Cal. 1977).

Id. at 121.

Defendants' Memorandum of Law discuss the fact that Plaintiff may have had some difficulties with work in 1995; Plaintiff filed a lawsuit against a collection agency; Plaintiff was retaliated against by having his take home vehicle removed from him; Plaintiff filed a Worker's Compensation claim; Plaintiff may have been involved in other legal matters twelve (12) years ago; and Plaintiff may or may not have suffered other emotional stressors in his life beyond those at issue in this lawsuit. As will be shown below, the above discussed issues in Defendants' Memorandum of Law have little or nothing to do with the language of the actual discovery Requests at issue and therefore fail to meet the requirement of particularity under Rule 34(b).

Requests for Production 16 and 17 are as follows:

> 16. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your actions taken and/or service you provided in your capacity as president of the Missouri State Fraternal Order of Police at any time between May 22, 2004 and the present inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**
>
> 17. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your actions taken and/or service you provided in your capacity as president of the Eastern Missouri Coalition of Police, Lodge 15 at any time between May 22, 2004 and the present inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**

Defendants' provide little to no argument in support of its position as to even the most

basic relevance of Requests 16 and 17. (See Defendant's Memorandum in Support "Defendant's Memo", p. 13). Defendants' readily appear to acknowledge that these requests have no relation to any claims made by Plaintiff or Defendants. (Defendants' Memo, p. 13). Defendants' request is apparently based on nothing more than Defendants' curiosity and desire to fish into any and all of Plaintiff's actions for the Missouri State FOP and Eastern Missouri Coalition of Police, Lodge 15 since May 15, 2004.

Requests for Production 18-22 are as follow:

> 18. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your actions during the period August 29, 2003 and February 6, 2004 inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**
>
> 19. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your contact(s) with Missouri State legislators and/or the staff of any legislator during the period August 29, 2003 and February 6, 2004 inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**
>
> 20. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your contact(s) with the Governor of the State of Missouri, the staff of the Governor of the State of Missouri, and/or any person who presently works or who then worked in/for the office of the Governor of the State of Missouri during the period August 29, 2003 and February 6. 2004 inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**
>
> 21. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills,

cell phone bills, correspondence, etc.) that reflect, concern, or document your actions taken and/or service you provided in your capacity as president of the Missouri State Fraternal Order of Police at any time between August 29, 2003 and February 6, 2004 inclusive.

**RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**

22.     Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your actions taken and/or service you provided in your capacity as president of the Eastern Missouri Coalition of Police, Lodge 15 at any time between August 29, 2003 and February 6, 2004 inclusive.

**RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**

Defendants' argue in their Memorandum of Law that Requests 18-22 relate to Defendants' First Counterclaim seeking damages for fraudulent abuse of Plaintiff's own accrued sick leave time. (See Defendants' Memo, p. 9). As stated in its Memorandum, Defendants state that the basis for Requests 18-22 is that the Requests relate to Plaintiff's activities during the time frame from August 29, 2003 to February 6, 2004 during which time Plaintiff was on sick leave from the City of St. Charles Police Department. In whole, these Requests, in very broad language, appear to request any and all documents related to Plaintiff's activities as elected President for the State Lodge of the Fraternal Order of Police and Lodge 15 during this time period. The Requests ask for documents clearly having no relation to the Plaintiff's claims or Defendants' counterclaims.

Further, the issue in Defendants' counterclaim regarding fraudulent abuse of sick time is whether or not Plaintiff was able to continue in his roles as elected President of the Fraternal Order of Police and Lodge 15 while on sick leave. There is no dispute that Plaintiff continued in some of his roles as an elected official of the FOP while on sick leave. The disputed issues

6

involve the fact that Defendants were aware of and had no objection to Plaintiff's role in his elected capacity while he was on sick leave until this litigation. Further, Plaintiff was not required to fill out paperwork for outside employment while employed in his elected capacities, such as a police officer requesting secondary employment. Based on Defendants' overbroad request being not tailored to this issues of this case, the discovery should not be had or limited in scope to the broad matters at issue. Further, Plaintiff may be able to summarize his activities in his elected roles.

Requests 13 and 14 are as follows:

> Request 13. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your actions taken and/or service you provided in your capacity as president of the Missouri State Fraternal Order of Police at any time between August 3, 2000 and May 21, 2004 inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence**.
>
> 14. Please produce a true and exact copy of all documents and writings (including, but not limited to calendars, journals, ledgers, bank statements, credit card statements, expense reports, expense vouchers, airline/train/other transportation tickets, hotel/motel receipts, telephone bills, cell phone bills, correspondence, etc.) that reflect, concern, or document your actions taken and/or service you provided in your capacity as president of the Eastern Missouri Coalition of Police, Lodge 15 at any time between August 3, 2000 and May 21, 2004 inclusive.
>
> **RESPONSE: Plaintiff objects as vague, ambiguous, and overbroad as this request seeks information beyond the scope of permissible discovery and the documents requested are not likely to lead to discovery of admissible evidence.**

Requests 13 and 14 appear to be the same requests as made in Requests 21 and 22 with the exception that Requests 13 and 14 ask for production of any and all documents between August 3, 2000 and May 21, 2004. Defendants' make the limited argument that these Requests are "directly related to the at least 564 hours of release time that Plaintiff took between August 3, 2000 and May 15, 2004." (Defendants' Memo, p. 11). Plaintiff submits that Defendants' own

7

explanation for requesting the documents at issue is far narrower than the overbroad language of Requests 13 and 14. Less burdensome means are available to obtain the information requested by Defendants, including Plaintiff providing Defendants with a summary of Plaintiff's use of FOP release time.

WHEREFORE this Court should deny in whole Defendants' Motion to Compel or in the alternative based on the Defendants' unwillingness to narrow the scope of their discovery requests, Plaintiff requests that this Court narrow the scope of Defendants' Request and for such further relief as this Court deems just and proper.

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C. &
THE KLOEPPEL LAW FIRM
LAW OFFICES OF KEVIN J. DOLLEY, LLC


By:          RICK BARRY  /s/
RICK BARRY, USDC #2572
GREG KLOEPPEL, USDC #85918
KEVIN J. DOLLEY, USDC No.: #117137
Attorneys for Plaintiff
2726 S. Brentwood Blvd.
St. Louis, MO 63144
Phone:(314) 918-8900
Fax:  (314) 918-8901

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed January 28, 2005 electronically with the Clerk of the Court to be served by operation of the court's electronic filing system upon the following: C. John Pleban, Michael J. Schaller, PLEBAN & ASSOCIATES, LLC, 2010 S. Big Bend Blvd., St. Louis MO 63117, John S. McCollough, Paul Simon, Jr., HELFREY, SIMON & JONES, P.C., 120 South Central Avenue, Suite 1500, St. Louis, Missouri 63105


         RICK BARRY  /s/