IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS MAYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.:  4:04CV00655HEA |
| v. ) | |
| ) | |
| CITY OF ST. CHARLES, MISSOURI, et al, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN
RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER RELATING TO THE DEPOSITION OF THOMAS MAYER**

COMES NOW Plaintiff, Thomas Mayer, and files his Reply to Defendants' Memorandum in Response to Plaintiff's Motion for Protective Order Relating to the Deposition of Thomas Mayer.

**I. INTRODUCTION**

Defendants' Memorandum in Response to Plaintiff's Motion for Protective Order Relating to the Deposition of Thomas Mayer incorrectly claims that Plaintiff's Motion for a Protective Order Relating to the Deposition of Thomas Mayer is frivolous, made in bad faith, and warrants the imposition of sanctions against Plaintiff and his counsels.  Defendants' Memorandum in Response further incorrectly claims that Plaintiff's Motion is nothing more than an eleventh hour attempt to delay and/or avoid Plaintiff' deposition in this cause, or the avoid the taking of Plaintiff's deposition by Defendants' counsel of choice, to the prejudice and detriment of the Defendants.  On the contrary, Plaintiff's claims are valid and this Court should enter the order of protection.

First, in their Response, Defendants address the complaints filed by approximately seventy three (73) uniformed and civilian employees of the St. Charles police department. While it is accurate that the St. Charles Police Officers Association sought a temporary restraining order, writ of mandamus and declaratory judgment to challenge the City's authority to conduct the so-called "Garrity interviews," what is inaccurate in Defendants' Response is the allegation that the case was dismissed on December 15, 2004 in "order to avoid the noticed depositions" by the City.

The case was dismissed due to the fact that the hearing for the application for a preliminary injunction was set for over a month later, January 18, 2005. Based on the fact that the "Garrity statements" being conducted by the City lasted approximately one and one half (1.5) hours for each complainant and the City's intention to continue the statements until all were concluded, the hearing for the application for a preliminary injunction would be a moot point because the depositions would have been concluded prior to the hearing date.

It is important to note that Defendants' Response fails to address the time length of Plaintiff's "Garrity Statement." As set forth in Plaintiff's Motion at issue, on or about December 15, 2004, Plaintiff Thomas Mayer, as a condition of his employment with the City of St. Charles, was deposed under oath before a court reporter for approximately five (5) hours, not the one and one half (1.5) hours most of the other officers' depositions lasted. Plaintiff's deposition was conducted by another attorney for the City of St. Charles, Thomas Loraine, and was supposedly based on the alleged premise that the questioning was related to the general complaints and the fitness for duty of the officers who made the complaints.

However, the questioning of Plaintiff under oath by an attorney for the City of St. Charles

2

included detailed questioning of his role as President of the Missouri Fraternal Order of Police, President of the Eastern Missouri Coalition of Police Officers, Fraternal Order of Police, Lodge 15, and issues involved in the present litigation. For specific examples see pages 13-25, 36-37, and 52-54 of Plaintiff's deposition discussing his workers' compensation claim which is at issue in this suit; pages 27-40, 46-50, 62-65, 72-80, 154-161, and 164-166 discussing Plaintiff's role as a representative of the Fraternal Order of Police (FOP) which is at issue in this suit; pages 16-24, 36-37, 52-60, 80-81, and 134-135 discussing Plaintiff's emotional and physical status which is at issue in this suit; and pages 30-37, 62-63, 123-127, and 174-175 discussing adverse employment actions at issue in this suit.

In addition, Defendants' Response fails to address the issue that during the deposition of Plaintiff, as a condition of his employment, he was forced to sign a medical release form, which allowed Pleban & Associates to acquire his medical records.

Furthermore, Defendants' Response fails to address and/or explain the fact that although the officers' depositions, including Plaintiff's, were conducted based on the alleged premise that the questioning was related to the general complaints and the fitness for duty of the officers who made the complaints, billing statements from Moriarty Reporting & Video indicate that the deposition transcripts of the officers' depositions were related to the case <u>City of St. Charles v. Mayer</u>. This fact, in an of itself, raises serious concerns regarding the motive behind conducting the depositions.

Defendants' Response also incorrectly claims that "Plaintiff now wants this Court to rule that the City of St. Charles may either take Plaintiff's deposition in this federal lawsuit or take his Garrity statement but not both." It also incorrectly claims that "Plaintiff has not cited any

3

authority in support of such a position because no such authority exists." It's ironic to note, that Defendants' Response, which is nothing more than a self-serving statement of facts, contains no authority supporting their position.

Be as it may, Plaintiff's Motion at issue sets forth in the Discussion section, even if the information sought is relevant, the court may limit the frequency or extent of use of otherwise permissible discovery methods where it determines that the discovery sought is *cumulative* or *duplicative*, that the party has had ample opportunity to discover the information sought, or that the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2); see generally Casas v. Conseco Finance Corp., 2002 WL 246753 (D. Minn. 2002) (noting that use of a complicated questionnaire and deposition testimony was unnecessarily duplicative). The court may grant a protective order to limit or prohibit discovery altogether where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed.R.Civ.P. 26(c).

Plaintiff's Motion further sets forth, as the Supreme Court has stated, because discovery rules should " 'be construed to secure the just, speedy, and inexpensive determination of every action' ... judges should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see also Olivieri v. Rodriguez, 122 F.3d 406, 409 (7th Cir.1997) ("Pretrial discovery is time-consuming and expensive ... and judges are to be commended ... for keeping tight reins on it.").

Here, Plaintiff's Motion requests that this Court exercise its authority, pursuant to the Federal Rules of Civil Procedure, to either limit the deposition questions to not touch upon topics already addressed in the December 15, 2004 deposition of Plaintiff, to limit the questioning to a

period not to exceed two (2) hours or a reduced period of time; or not to be had.  Pursuant to Fed.R.Civ.P. 30(d)(2), unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hour.  This request is made pursuant to the Federal Rules of Civil Procedure because the further deposition of Thomas Mayer would be *cumulative* and/or *duplicative*, the Defendants already have had ample opportunity to discover the information sought during Plaintiff's December 15, 2004 deposition, and/or the burden and/or expense of the proposed deposition outweighs its likely benefit.  *See* Fed.R.Civ.P. 26(b)(2).

Further, counsel who is now requesting to take the deposition of Plaintiff is the same counsel who conducted an investigation on behalf of the City Council related to Plaintiff's federal lawsuit and an investigation examining Plaintiff Thomas Mayer's "conduct as a city employee, and report on any violations of the Personnel Code, City Charter, Local, State, and/or Federal Statutes."  Specifically, on or about August 10, 2004, the City Council for the City of St. Charles voted in closed session and thereafter made the Public Announcement as follows:

> Public Announcement Relative to Tom Mayer v. City of St. Charles
> A motion was made by MARK B. BROWN to authorize Pleban & Associates and Helfrey, Simon, and Jones to pursue a Counterclaim or Counterclaims and potential Third Party Claim against others in the Tom Mayer Federal Lawsuit. JOHN GIESEKE seconded the motion. A roll call vote was taken, with the following results: "Aye": Greer, Hoepfner, Kneemiller, Koester, Muench, Reese, Riddler, Weller, Brown, and Gieseke. "Nay": None. Absent: None. Motion passed.
>
> A motion was made by MARK B. BROWN to authorize Pleban & Associates and Helfrey, Simon and Jones to perform an internal investigation on Tom Mayer, and other parties involved, on behalf of the City Council and the City Administration and present findings and recommendations to the proper authorities relating to the issues in the Federal Lawsuit filed by Tom Mayer, including Tom Mayer's conduct as a city employee, and report on any violations of the Personnel Code, City Charter, Local, State, and/or Federal Statutes. JOHN GIESKEE seconded the motion. A roll call vote was taken, with the following results: "Aye": Hoepfner,

> Kneemiller, Koester, Muench, Reese, Riddler, Weller, Brown, Gieseke, and Greer. "Nay": None. Absent: None. Motion passed.
>
> President of the Council Rory Riddler introduced Chet Pleban of Pleban & Associates and Paul Simon of Helfrey, Simon and Jones, the attorneys representing the City in the Tom Mayer Lawsuit. Mr. Pleban stated that a lawsuit was filed by Tom Mayer against the City and Councilmembers; and stated that the Council voted tonight to pursue filing counterclaims and/or third party claims in the lawsuit and to conduct an internal investigation of the issues which surround this case to determine whether there were any violations of the personnel code, city charter, etc. Mr. Pleban stated that this issue has been brought forward this evening because the Answer to be filed in the lawsuit is due on August 20, 2004.
>
> A motion was made by BOB KNEEMILLER at 7:20 p.m. to recess the Council Work Session to convene the Special Council Meeting. LARRY MUENCH seconded the motion. All voted in favor, motion passed.

To permit a second deposition of Plaintiff approximately two (2) months after the initial deposition of Plaintiff would place Plaintiff at a great disadvantage by having to answer the same or similar questions. Further, the two depositions relate to the same subject matter and are therefore cumulative and duplicative and Defendants have already chose to explore discovery in this case as part of an alleged investigation of police officers for the City of St. Charles. Further, the taking of two depositions creates an unnecessary burden and/or expense upon the parties and further acts as an annoyance, embarrassment and oppression of Plaintiff Mayer at the hands of the Defendants. Fed.R.Civ.P. 26(c)); see also Seattle Times Co., 467 U.S. at 36.

Defendants' Response also claims that Plaintiff's counsel had the opportunity to seek relief from this Court regarding Plaintiff's December 15, 2004 deposition. However, what Defendants' Response fails to address is that the preceding depositions conducted by the City regarding the complaints filed by officers lasted for approximately one and one half (1.5) hours and were directed towards the facts and circumstances surrounding their complaints. Here,

6

unlike the preceding depositions, Plaintiff's deposition lasted approximately five (5) hours. Furthermore, Plaintiff's counsel had no ability prior to the commencement of Plaintiff's deposition to be cognizant of the fact that Plaintiff's deposition would last many hours longer than most of the other officer's depositions and touch on issues outside the scope of the alleged investigation at issue.

WHEREFORE, based on the foregoing, Plaintiff requests that the deposition of Plaintiff Mayer not be had or limited in the following manner: the deposition questions not touch upon topics already covered in the December 15, 2004 deposition, the questioning be limited to a period not to exceed two (2) hours or a reduced period of time.  Plaintiff also requests such further relief as this Court deems just and proper.

>Respectfully Submitted,
>
>LAW OFFICES OF RICK BARRY, P.C. &
>THE KLOEPPEL LAW FIRM
>LAW OFFICES OF KEVIN J. DOLLEY, LLC
>
>
>By:            RICK BARRY  /s/
>RICK BARRY, USDC #2572
>GREG KLOEPPEL, USDC #85918
>KEVIN J. DOLLEY, USDC No.: #117137
>Attorneys for Plaintiff
>2726 S. Brentwood Blvd.
>St. Louis, MO 63144
>Phone:(314) 918-8900
>Fax:  (314) 918-8901

**CERTIFICATE OF SERVICE**

   This is to certify that a copy of the foregoing was filed February 21, 2005 electronically with the Clerk of the Court to be served by operation of the court's electronic filing system upon the following: C. John Pleban, Michael J. Schaller, PLEBAN & ASSOCIATES, LLC, 2010 S. Big Bend Blvd., St. Louis MO 63117, John S. McCollough, Paul Simon, Jr., HELFREY, SIMON & JONES, P.C., 120 South Central Avenue, Suite 1500, St. Louis, Missouri 63105

            RICK BARRY  /s/