IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THOMAS MAYER,                           )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Cause No.: 4:04CV00655HEA
                                        )
CITY OF ST. CHARLES, MISSOURI,          )
et al.,                                 )
                                        )
        Defendants.                     )

**DEFENDANTS' MOTION FOR SANCTIONS REGARDING THE**
**DEPOSITIONS OF DEAN MEYER AND BRIAN MORRISSEY**

COME NOW Defendants by and through counsel, pursuant to Rule 37 of the

Federal Rules of Civil Procedure, and for their Motion, state as follows:

**I.      PERSONS RELEVANT TO THIS MOTION**

1.      Plaintiff Thomas Mayer (hereinafter referred to as "Plaintiff Mayer") is

the president of the Missouri State Lodge of the Fraternal Order of Police (hereinafter

referred to as the "State FOP").

2.      Plaintiff Mayer also is the president of the Eastern Missouri Coalition of

Police FOP Lodge 15 (hereinafter referred to as "FOP Lodge 15").

3.      Plaintiff Mayer also is a member and past president of the St. Charles City

Police Officers' Association (hereinafter referred to as "SCPOA").

4.      Plaintiff Mayer's employment with the City of St. Charles was terminated

on April 21, 2005.

5.      Plaintiff Mayer is represented in this action, and in the administrative

appeal of his termination from employment, by Messrs. Gregory Kloeppel and Kevin

Dolley.

1

6.     Gregory Kloeppel (hereinafter referred to as "Kloeppel") and Kevin Dolley (hereinafter referred to as "Dolley") are counsel for FOP Lodge 15.

7.     Dean Meyer (hereinafter referred to as "witness Meyer") is a police officer currently employed by the City of St. Charles, Missouri and a good friend of Plaintiff Mayer.

8.     Witness Meyer also is a member of the SCPOA and FOP Lodge 15. Witness Meyer was the president of the SCPOA from July 2003 to December 2004 and was the vice president of that organization from July 2003 to January 2004.

9.     Brian Morrissey (hereinafter referred to as "Morrissey") is a detective currently employed by the City of St. Charles, Missouri and is a friend of Plaintiff Mayer.

10.     Morrissey also is a member of the SCPOA and FOP Lodge 15.

11.     Michael T. George (hereinafter referred to as "George") is an attorney licensed to practice law in the State of Missouri and before this Court.

12.     Dave Senter (hereinafter referred to as "Senter") is a police officer employed by the City of St. Charles, Missouri and a good friend of Plaintiff Mayer.

13.     Senter also is a member of the SCPOA and FOP Lodge 15.

14.     Senter is also a member of the Executive Board of the SCPOA and served that organization as its president and recoding secretary.

## II.     EVENTS PRIOR TO MAY 20, 2005

15.     On March 23 and 24, 2005, Plaintiff Mayer engaged in certain on duty conduct which, in part, led to his termination from employment on April 21, 2005.

16.     Consistent with the rules set forth in the Employee Personnel Manual of the City of St. Charles, Missouri, Plaintiff Mayer appealed his termination to the St. Charles City Administrator.

17.     On or about May 16, 2005, the City Administrator informed Mr. Dolley that Plaintiff Mayer's appeal hearing had been scheduled for May 26, 2005.

18.     On May 5, 2005, witness Meyer, Morrissey, and a number of other employees of the City of St. Charles, Missouri Police Department (Ray Juengst, Dave Senter, Mike Akers, Paul Jokerst, Greg Witterholt) were served with subpoenas duces tecum for deposition.

19.     The deposition of witness Meyer was scheduled to commence on Tuesday, May 17, 2005 at 10:00 am.

20.     The deposition of Morrissey was scheduled to begin on Wednesday, May 18, 2005 at 1:30 pm.

21.     The depositions of the other employees of the St. Charles City Police Department were scheduled at other times on May 17 and 18, 2005.

22.     Witness Meyer presented himself for deposition at 10:00 am on May 17, 2005. Witness Meyer was not represented by counsel at his deposition. Kevin Dolley and Plaintiff Mayer attended witness Meyer's deposition.

23.     After Defendants' counsel questioned witness Meyer for slightly more than three hours, Mr. Dolley announced that he had two (2) to three (3) hours of questions for witness Meyer.

24.     Witness Meyer then announced that he had worked the night shift prior to his deposition and was too tired to continue.

25.     By agreement of counsel and the witness, witness Meyer's deposition was to continue on Friday, May 20, 2005 at 9:00 am

26.     Following the deposition of witness Meyer, Defendants deposed Senter.

3

27.     Senter was an eye witness to some of the events that occurred on March 23 and 24, 2005 that, in part, led to Plaintiff Mayer's termination from his employment.

28.     In responding to Defendants' counsel questions regarding the events of March 23 and 24, 2005, Senter volunteered that he had been questions by Captain McCarrick of the St. Charles City Police Department as part of the internal investigation of Plaintiff's conduct.  Defendants' counsel did not inquire about the nature of Captain McCarrick's questions or the substance of Senter's responses.

29.     Mr. Dolley then attempted to ask Senter questions about the interview conducted by Captain McCarrick.

30.     Counsel for the City of St. Charles stated, on the record, that Plaintiff Mayer had appealed his termination to the City Administrator and that, unlike eyewitness observations, matters related to the investigation of Plaintiff Mayer's conduct is part of an ongoing, closed, personnel matter.  Senter was informed that should he elect to respond to Mr. Dolley's questions regarding his interview by the command staff he would be doing so at his own risk and peril.

31.     Senter stated that was uncomfortable answering Mr. Dolley's questions and desired to speak with counsel.

32.     Mr. Dolley then announced, on the record, his intention to file a Motion for Protective Order regarding witness testimony related to the internal investigation of Plaintiff Mayer's conduct by the St. Charles City Police Department.

33.     Because the depositions were taking far longer than anticipated, on May 18, 2005 counsel agreed that Morrissey's deposition would be rescheduled for Friday, May 20, 2005 at 12:30 pm.  Morrissey was informed of said rescheduling by St. Charles City Chief of Police Timothy Swope.

4

34.     On May 19, 2005, Mr. Dolley sent correspondence to the St. Charles City
Administrator advising that both he and Mr. Kloeppel were unavailable to participate in
Plaintiff Mayer's May 26, 2005 administrative appeal hearing , **(EXHIBIT A).**

### III.    EVENTS OF MAY 20, 2005

35.     Neither witness Meyer, Mr. Dolley, or Plaintiff Mayer appeared at 9:00
am for the continuation of witness Meyer's deposition.

36.     At or about 9:05 am, the undersigned attempted to contact Mr. Dolley at
both his office and on his cell phone to no avail.  A voice mail message was left for Mr.
Dolley on his cell phone.

37.     Shortly thereafter, the undersigned received a fax communication from
attorney Michael T. George.  **(EXHIBIT B).** [1]

38.     Mr. George represented that, although he was then "willing to represent"
witness Meyer and Morrissey, he needed "a continuance to familiarize myself with this
litigation and to adequately prepare for their depositions."  **(EXHIBIT B).**

39.     The undersigned twice attempted to contact Mr. George by telephone but
was never able to reach a live body.  The undersigned left a voice mail message for Mr.
George.

40.     At approximately 9:30 am on May 20, 2005, the undersigned received a
telephone call from Mr. Dolley.  Mr. Dolley only wanted to discuss his forthcoming
Motion for Protective Order regarding testimony concerning closed personnel matters.

41.     At approximately 11:40 am on May 20, 2005, the undersigned received a
fax communication from Mr. Dolley that made it clear that the failure of witness Meyer

---

[1] Although bearing the fax legend "05/19/05  21:20" this facsimile communication from Mr. George was
not received in the office of Defendants' counsel until after 9:05 am on May 20, 2005.

5

and Morrissey to attend their depositions on May 20 was directly related to Plaintiff

Mayer's desire to obtain information concerning the closed internal investigation of his

conduct. **(EXHIBIT C).** Mr. Dolley expressly denied having any involvement in the

cancellation of the depositions of witness Meyer and Morrissey.

42.     At approximately 11:45 am on May 20, 2005, the undersigned received a

telephone call from Mr. George who, after apologizing, advised the undersigned that:

a.      From time to time, he represents police officers on behalf of the
FOP when the FOP attorneys have a conflict.

b.      On behalf of the FOP, Mr. Dolley contacted him on Thursday,
May 19, 2005 to represent witness Meyer and Mr. Morrissey because he had a conflict.

c.      He told Mr. Dolley that he was unavailable for deposition at 9:00
am on Friday, May 20 because of other commitments including a matter before Judge
Drumm in St. Louis County.

d.      Mr. Dolley never told him that witness Meyer and Morrissey were
under federal court subpoena to appear for deposition.

e.      Mr. Dolley did not tell him that Mr. Meyer had been deposed for
over three hours on Tuesday and that witness Meyer, Mr. Dolley, and the undersigned
agreed that the deposition of witness Meyer would continue on Friday, May 20, 2005.

f.      Mr. Dolley told him that he (Mr. Dolley) had a good relationship
with this office and that we would have no problem continuing and rescheduling the
depositions of witness Meyer and Mr. Morrissey.

g.      He has had no contact whatsoever with witness Meyer or with Mr.
Morrissey.

h.      All of his contact on this matter has been with Mr. Kevin Dolley,
counsel for Plaintiff Thomas Mayer and for FOP Lodge 15.

i.      He is willing to testify as to the truth of the foregoing in deposition
or before the court.

43.     At approximately 1:30 pm on May 20, 2005, Mr. George faxed

correspondence to the undersigned. Mr. George again apologized for his unwitting

interference with the depositions and expressly stated that:

"I will not be part of any chicanery and I have no intentions of representing Mr. Meyers [sic], Mr. Morrissey, or Lodge 15 from this moment forward." **(EXHIBIT D).**

44.    Following receipt of Mr. George's fax communication **(EXHIBIT D)**, the undersigned again telephoned and spoke with Mr. Dolley. Mr. Dolley admitted that he did not tell Mr. George about the federal court subpoenas or that witness Meyer had been deposed, in part, on May 17, 2005. He did not offer an explanation for falsely telling Mr. George that he has a good relationship with Defendant's counsel and that we would have no problem rescheduling the May 20, 2005 depositions.

45.    Mr. Dolley did inform the undersigned that, on May 19, 2005, he had been contacted by the SCPOA who requested that he secure counsel for witness Meyer and Mr. Morrissey. Mr. Dolley verified that it was he who had contacted Mr. George.

46.    Plaintiff Mayer and his counsel desperately what to discover information related to the internal investigation of Plaintiff's conduct, including, but not limited to interviews of St. Charles City police officers, for use during his administrative appeal hearing. Because of the pending internal appeal, all such information and interviews are closed personnel matters.

47.    In order to obtain information obtained during the internal investigation of Plaintiff Mayer's conduct on March 23 and 24, 2005, Plaintiff Mayer and his counsel employed a strategy designed to effect a "stay" of all proceedings until such time that they could draft, file, and obtain a ruling on their protective order.

48.    First, on May 19, 2005, immediately following the deposition of Senter, Plaintiff's counsel announced their unavailability for Plaintiff Mayer's administrative appeal hearing scheduled for May 26, 2005. **(EXHIBIT A).** Plaintiff Mayer and his counsel simply did not want to proceed to the appeal hearing until they had the

7

opportunity to obtain the desired protective order and ask the subpoenaed police officers

questions relative to the internal investigation at deposition.

49.     Next, Plaintiff Mayer and his counsel determined that the scheduled

depositions of witness Meyer and Morrissey would need to be continued until such time

that they could draft, file, and obtain a ruling on their protective order.

50.     Mr. Dolley, however, could not claim that he was unavailable for the May

20, 2005 depositions of witness Meyer and Morrissey after previously announcing his

agreement to proceed with the depositions on that date.  Another basis for not proceeding

with the depositions of witness Meyer and Morrissey would need to be tendered.

51.     Plaintiff Mayer and his counsel decided that May 20, 2005 depositions of

witness Meyer and Morrissey could be postponed and continued if the witnesses

requested counsel and their counsel needed time to become familiar with the issues in this

litigation.

52.     Plaintiff Mayer and his counsel proceeded to implement their strategy by

directly securing counsel (Mr. George) for witness Meyer and Morrissey and

misrepresenting that Defendants' counsel would have no problem with a continuance.

53.     At no time between May 5, 2005, when witness Meyer and Morrissey,

received their subpoenas for deposition, and May 19, 2005, did witness Meyer or

Morrissey express a desire for or seek counsel.

54.     Neither witness Meyer nor Morrissey had any contact with Mr. George.

Mr. Dolley, Plaintiff's counsel in this action, sought counsel for witness Meyer and

Morrissey from Mr. George.

55.     Since Mr. George never had any contact with witness Meyer or Morrissey,

he could not have advised them that they did not need to appear for deposition on May

8

20, 2005. Only Mr. Dolley was in a position to advise and or instruct witness Meyer or

Morrissey that they did not need to appear for deposition on May 20, 2005. Either

witness Meyer and Morrissey decided on their own not to appear for deposition on May

20, 2005, or they did not appear upon the direction and advice of Mr. Dolley.

56.     Defendants need not remind the Court of the tortuous nature of discovery

to date and the chicanery employed by Plaintiff Mayer and his counsel to frustrate

Defendants' legitimate attempts to conduct discovery over the past six (6) months which

have led to the filing of motions with this court. A sampling of the strategy employed by

Plaintiff Mayer and his counsel include:

     a.    Refusing to provide dates when Plaintiff and his counsel were available for deposition.

     b.    The failure and refusal of the State FOP and FOP Lodge 15, the organizations that Plaintiff Mayer serves as president, to produce documents notwithstanding executed authorizations form the Plaintiff and orders from this court;

     c.    The failure and refusal of Curt Saitta, custodian of records for FOP Lodge 15, and Robert Clark, custodian of records for the State FOP, to appear for deposition pursuant to subpoena.

     d.    The failure and refusal of Plaintiff Mayer to comply with procedures necessary to identify his grief counselor.

     e.    The failure and refusal of Plaintiff Mayer to respond to Defendants' First and Second Request for Production in a timely manner.

57.     The conduct of Plaintiff Mayer and his counsel with respect to the May

20, 2005 depositions of witness Meyer and Morrissey is abusive and prejudicial to the

Defendants and displays contumacious disrespect for the authority of this court and its

subpoenas.

58.     To the extent that Mr. Dolley advised or instructed witness Meyer and

Morrissey not to appear for deposition on May 20, 2005, the conduct of Plaintiff Mayer

9

and his counsel have again frustrated Defendants' efforts to conduct legitimately
discovery. Defendants' have been caused to incur and become obligated for attorneys'
fees, costs, and expenses related to the preparation for the depositions of witness Meyer
and Morrissey, the court reporter attendance fees, and have been caused to incur and
become obligated for attorneys' fees, costs, and expenses related to discussions with Mr.
George, Mr. Dolley and the preparation and prosecution of this Motion.

59.    Moreover, to the extent that Mr. Dolley advised or instructed witness
Meyer and Morrissey not to appear for deposition on May 20, 2005, the conduct of
Plaintiff Mayer and his counsel had caused witness Meyer and Morrissey to disregard
and disobey a federal support subpoena commanding their attendance at deposition. Said
conduct has exposed witness Meyer and Morrissey to potential sanctions from this court
and, as police officers, to potential discipline from their employer.

60.    To the extent that witness Meyer and Morrissey decided on their own not
to appear for deposition on May 20, 2005, their conduct has frustrated Defendants'
efforts to conduct legitimately discovery. Defendants' have been caused to incur and
become obligated for attorneys' fees, costs, and expenses related to the preparation for
the depositions of witness Meyer and Morrissey, the court reporter attendance fees, and
have been caused to incur and become obligated for attorneys' fees, costs, and expenses
related to discussions with Mr. George, Mr. Dolley and the preparation and prosecution
of this Motion.

WEREFORE Defendants respectfully pray this Court for the entry of an order
commanding Dean Meyer and Brian Morrissey to show cause why they should not be
held in contempt for failing to appear for deposition on May 20, 2005 and to order Dean
Meyer and Brian Morrissey to pay Defendants' costs, litigation expenses, and attorneys'

fees related to the preparation for the depositions of witness Meyer and Morrissey, the court reporter attendance fees, and Defendants' costs, litigation expenses, and attorneys' fees related to discussions with Mr. George, Mr. Dolley, and the preparation and prosecution of this Motion.

Defendants also respectfully pray this Court for the entry of an order imposing sanctions against Plaintiff Thomas Mayer and his counsel by striking the pleadings of the Plaintiff and entering judgment on Plaintiff's Third Amended Complaint in favor of the Defendants, on the counterclaims therein stated by the Defendants in favor of the Defendants, for Defendants costs, litigation expenses, and attorneys' fees related to the preparation for the depositions of witness Meyer and Morrissey, the court reporter attendance fees, and Defendants' costs, litigation expenses, and attorneys' fees related to discussions with Mr. George, Mr. Dolley, and the preparation and prosecution of this Motion.

In addition, Defendants respectfully pray this Court for the entry of appropriate orders imposing financial and other appropriate sanctions against Gregory Kloeppel, Kevin Dolley, Dean Meyer, and Brian Morrissey sufficient to deter others from interfering their obligation to appear for deposition and from interfering with legitimate discovery efforts, as set forth above, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

PLEBAN & ASSOCIATES, LLC

By: _____/s/_____

C. John Pleban #4066
Michael J. Schaller #104005
2010 South Big Bend
St. Louis, MO 63117
(314) 645-6666
(314) 645-7376 FAX

HELFREY, SIMON & JONES, P.C.

By: _____/s/_____

Paul Simon #4373
120 South Central Ave.
Suite 1500
St. Louis, MO 63105
(314) 725-9100
(314) 725-5754 FAX

## Certificate of Filing

The undersigned verifies that the foregoing was filed via the Court's electronic filing system for distribution to all counsel of record this 25th day of May 2005 and by regular U.S. Mail postage prepaid to Michael T. George, 2525 S. Brentwood Blvd., Suite 102, St. Louis, MO 63144.

_____/s/_____

12

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS MAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:04CV00655HEA |
| | ) |
| CITY OF ST. CHARLES, MISSOURI, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR SANCTIONS REGARDING THE
DEPOSITIONS OF DEAN MEYER AND BRIAN MORRISSEY**

**INDEX OF EXHIBITS**

EXHIBIT A -------      May 19, 2005 letter from  Kevin Dolley to the St. Charles City
                      Administrator requesting a continuance of Plaintiff's May 26, 2005
                      administrative appeal hearing

EXHIBIT B --------     May 19, 2005 correspondence from Michael T. George

EXHIBIT C --------     May 20, 2005 correspondence from Kevin Dolley

EXHIBIT D -------      May 20, 2005 correspondence from Michael T. George



## LAW OFFICES OF

LAW OFFICES OF KEVIN J. DOLLEY
2726 SOUTH BRENTWOOD BLVD.
SAINT LOUIS, MISSOURI 63144
P: 314.918.8900   F: 314.918.8901
kevin@dolleylawoffice.zzn.com



DEFENDANT'S
EXHIBIT
_____A_____

May 19, 2005

SENT VIA FACSIMILE (636) 949-3267
AND FIRST CLASS U.S. MAIL
Allan T. Williams
City Administrator
200 North Second Street
St. Charles, MO 63301

     **RE:**   **THOMAS MAYER – APPEAL REQUEST**

Dear Mr. Williams:

     I am in receipt of your letter dated May 16, 2005 announcing Mr. Mayer's appeal hearing of his dismissal from employment that is scheduled on Thursday, May 26, 2005 at 8:30 a.m.

     Unfortunately, both my schedule and attorney Greg Kloeppel's schedule conflict with the time and date that is currently scheduled for this appeal hearing.

     In the spirit of compromise, I am willing to provide alternative dates in hope that a mutually agreeable date for both parties can be reached. Please contact my office directly with any questions or concerns, and I look forward to hearing from you.

     Very truly yours,

KEVIN J. DOLLEY

KJD/tko

**THE LAW FIRM OF MICHAEL T. GEORGE, P.C.**
2525 S Brentwood Blvd., Suite 102
St. Louis, Missouri 63144
314-918-7000
314-963-1866 (fax)



**DEFENDANT'S
EXHIBIT**
*B*

May 19, 2005

Mr. Michael J.Schaller
2010 S. Big Bend Blvd.
St. Louis, MO 63117

**VIA FAX 314-645-7376 / URGENT**

Re:    Dean Meyer & Brian Morrissey

Dear Mr. Schaller:

Mr. Meyer and Mr. Morrissey have just contacted me for representation concerning their
depositions scheduled for Friday, May 20, 2005. I am willing to represent them, however
I need a continuance to familiarize myself with this litigation and to adequately prepare
for their depositions.

As soon as possible I will be in contact with you to rearrange these depositions to a
mutually agreeable date and time. Please accept my apology for any inconvenience this
continuance may have caused you.

Very truly yours,

Michael T. George
Attorney at Law



**LAW OFFICES OF**

LAW OFFICES OF KEVIN J. DOLLEY, LLC
9620 LACKLAND ROAD
ST. LOUIS, MO 63114
(314) 423.8003 (OFFICE)
(314) 749.1846 (MOBILE)
(314) 423.8054 (FAX)
DOLLEYLAW@YAHOO.COM

SATTELLITE OFFICE
2726 SOUTH BRENTWOOD BLVD.
ST. LOUIS, MO 63144
(314) 918.8900 (OFFICE)
(314) 918.8901 (FAX)

May 20, 2005

SENT VIA FACSIMILE (314)645-7376
AND FIRST CLASS U.S. MAIL



**DEFENDANT'S
EXHIBIT**
_____
C

Mr. Michael J. Schaller
Pleban and Associates, L.L.C.
2010 S. Big Bend Blvd.
St. Louis, MO 63117

   Re:  <u>Mayer v. City of St. Charles, Missouri et al.</u>, 4:04CV655 HEA

Dear Mr. Schaller:

   This correspondence is sent in response to and in summary of our conversations from earlier this morning regarding the issue of protective order relating to officer depositions and the continuance of officer depositions. It remains my belief that the concerns stemming from the deposition of Officer Senter can be resolved by the parties agreeing to terms of a protective order relating to testimony relative to internal investigations. This court order would thereby avoid any officer concerns related to potential violation of the policies and procedures of the City of St. Charles by testifying in relation to internal investigations. It is the Plaintiff's position that these investigations and the conversations and issues related to the investigations are highly relevant to this litigation and require inquiry by Plaintiff.

   During our conversation earlier this morning I raised the above issues only to be told that my concerns were "bull shit" and that your position remained that the officers were simply required to testify "at their own peril." Defendants' position that the officers testify at the peril of having adverse consequences brought against them as part of their employment has left the officers in the position of testifying at their own peril or seeking a continuance of deposition to seek legal counsel. Without doubt, your unwillingness to compromise or work with Plaintiff's counsel on these issues has placed the officers in a difficult position.

   It is unfortunate that agreement can not be reached with regard to this issue so as to avoid unnecessary delay to this litigation. It is my position that the Court could be sympathetic to the officers concerns based upon the difficult position that they have been placed in based upon the

Mr. Michael J. Schaller
Pleban and Associates, L.L.C.
May 20, 2005
Page 2

nature of the deposition testimony sought from counsel and threats made against officers who testify. I am more that willing to work with you on the language of a protective order and discuss the provisions under which the officers could safely testify without placing their employment at risk.

Your threats stated to me of "consequences" for all parties involved based on the officers concerns stemming from the issues raised during Officer Senter's deposition is an unfortunate tactic of intimidation you have chosen to employ and is considered by Plaintiff Mayer to be a threat against all officers who provide further testimony damaging to your defense of this litigation. In short and noted by the officers during the course of depositions to this point, your actions and statements have simply been an attempt to intimidate them.

With regard to your accusations of some sort of "collusion" between myself and some other persons, I am incredibly perplexed. As you know, I willingly agreed to continue the depositions today and had hoped that the depositions continued. I find it odd that I would willingly agree to a date for deposition and then immediately thereafter "collude" with other to stop the taking of such depositions. Based on the circumstances that have arisen, the officers from whom deposition testimony is requested have understandably sought legal counsel.

Please contact me at your earliest convenience to further discuss the matters at issue or if you have any questions or concerns.

Sincerely,

*Kevin Dolley*

KEVIN J. DOLLEY

KJD/tko

Michael T. George∗
michaelgeorge@goinet.com

*Licensed in Missouri, Illinois and California

**THE LAW FIRM OF MICHAEL T. GEORGE, P.C.**
2525 S. BRENTWOOD BLVD., SUITE 102
ST. LOUIS, MISSOURI 63144
314-918-7000
314-963-1866 (FAX)

May 20, 2005

Mr. Michael J. Schaller
2010 S. Big Bend Blvd.
St. Louis, MO 63117

VIA FAX 314-645-7376

**DEFENDANT'S EXHIBIT**
___D___

RE:   Dean Meyer & Brian Morrissey

Dear Mr. Schaller,

As I told you in our phone conversation this morning, I was unaware that Dean Meyer had been deposed on Tuesday and that he had agreed on the record to continue his deposition until today.  Further, I was unaware Dean Meyer and Brian Morrissey both were under Federal subpoena for this morning's depositions and would be in violation by not appearing.

At approximately 9:00 p.m. last night I was contacted by Lodge 15 and was requested to represent these gentlemen because of a conflict within the organization.  I was willing to do so, but explained I had a conflict this morning because of a hearing with Judge Drumm at 8:30 a.m. that I had to be at.  It was explained to me that would be fine because I could contact you and easily reschedule to a mutually agreeable time. Apparently that is not the case and I am sorry for my letter's interference in your Federally court ordered depositions.  Please accept my deepest professional apologizes.

I will not be a part of any chicanery and I have no intentions of representing Mr. Meyers, Mr. Morrissey, or Lodge 15 from this moment forward.

Very truly yours,

Michael T. George
Attorney at Law

CC:  Kevin Dolley (via fax 314-423-8054)

Michael T. George*
michaelgeorge@goinet.com

THE LAW FIRM OF MICHAEL T. GEORGE, P.C.
2525 S. BRENTWOOD BLVD., SUITE 102
ST. LOUIS, MISSOURI 63144
314-918-7000
314-963-1866 (FAX)

*Licensed in Missouri, Illinois and California

## FACSIMILE COVER SHEET

TO:  Michael Schaller / Kevin Dolley

DATE: 05-20-05

FACSIMILE NUMBER:  645-7376 & 423-8054

FROM:  Michael T. George

NUMBER OF PAGES:   2 (including cover)

RE:  Meyer & Morrissey

MESSAGE:

## CONFIDENTIALITY NOTICE

The information transmitted in this facsimile message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney/client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any retention, review, use, dissemination, distribution, or copying of this facsimile message and the information contained therein is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the above address via first class mail. We will reimburse postage. Thank you.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS MAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:04CV00655HEA |
| | ) |
| CITY OF ST. CHARLES, MISSOURI, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SANCTIONS REGARDING THE DEPOSITIONS OF DEAN MEYER AND BRIAN MORRISSEY

As set forth in detail in Defendants' Motion for Sanctions Regarding the

Depositions of Dean Meyer (hereinafter referred to as "witness Meyer") and Brian

Morrissey (hereinafter referred to as "Morrissey"), neither witness Meyer nor Morrissey

appeared for deposition on May 20, 2005 pursuant to subpoenas issued by this Court.

The only excuse suggested for witness Meyer and Morrissey's failure to obey this

Court's subpoena appears in the May 19, 2005 correspondence of attorney Michael T.

George (hereinafter referred to as "George").:

> "I am willing to represent them, however I need a continuance to familiarize
> myself with this litigation and to adequately prepare for their depositions."
> **(EXHIBIT B).**

Rule 45(e) of the Federal Rules of Civil Procedure empowers this Court to impose

sanctions upon any person who fails to obey a subpoena without adequate excuse.

> "**Contempt.** Failure by any person without adequate excuse to obey a subpoena
> served upon that person may be deemed a contempt of the court from which the
> subpoena issued. An adequate cause for failure to obey exists when a subpoena
> purports to require a non-party to attend or produce at a place not within the limits
> provided by clause (ii) of subparagraph (c)(3)(A)."

1

Courts have been called upon to consider whether conduct proffered as the reason for failing to obey a federal court subpoena constitutes an adequate excuse. Defendants have been unable to locate any opinion from any federal court that holds that an articulated subjective desire for counsel is an adequate excuse for a witness failing to obey a subpoena for deposition. Moreover, Defendants have been unable to locate any opinion from any federal court that holds that a witness' counsel's desire for additional time to prepare for the deposition is an adequate excuse for a witness failing to obey a subpoena for deposition.

Even if a desire for counsel and/or counsel's desire for time to familiarize himself with issues in the litigation were recognized as an "adequate excuse" for failing to obey this court's subpoena, such excuses were not adequate under the circumstances of this case. Witness Meyer and Morrissey were served with subpoenas to appear for deposition on May 5, 2005. Witness Meyer and Morrissey had two (2) weeks to seek out and secure counsel for their depositions. Witness Meyer appeared for phase one of his deposition on May 17, 2005 without counsel. At no time during said deposition did he ever express a desire for legal counsel. Apparently not until the evening of May 19, 2005 was legal counsel sought for witness Meyer and Morrissey. Waiting more than two weeks to assert a desire for counsel as the excuse for failing to appear for deposition is not adequate under all of the circumstances.

By not appearing for their depositions on May 20, 2005, witness Meyer and Morrissey failed to obey this Court's subpoenas without adequate excuse. Defendants' have been caused to incur and become obligated for attorneys' fees, costs, and expenses related to the preparation for the depositions of witness Meyer and Morrissey, the court reporter attendance fees, and have been caused to incur and become obligated for

2

attorneys' fees, costs, and expenses related to discussions with Mr. George, Mr. Dolley and the preparation and prosecution of this Motion. The approximate amount of said costs, expenses, and fees approximates $ 2,500.00.

It is improbable that witness Meyer and Morrissey decided, on their own, not to appear for their depositions on May 20, 2005. In fact, as set forth in Defendants' Motion for Sanctions Regarding the Depositions of Dean Meyer and Brian Morrissey, it was the St. Charles Police Officers' Association (hereinafter referred to as the "SCPOA"), not witness Meyer or Morrissey, that desired legal counsel for those officers. According to Mr. Dolley, the SCPOA contacted him and, because he represented Plaintiff Mayer and had a conflict of interest, requested that he obtain other legal representation for witness Meyer and Morrissey.

According to Mr. Dolley, he then contacted and sought to secure the services of attorney Michael T. George (hereinafter referred to as "George") for witness Meyer and Morrissey. According to Mr. George, he had no contact whatsoever with witness Meyer or with Morrissey. Mr. George only had contact with Mr. Dolley.

As counsel for Plaintiff Mayer, Mr. Dolley had no business securing counsel for witness Meyer or for Morrissey. Nevertheless, Mr. Dolley decided to take advantage of the circumstances to prevent Defendants from deposing witness Meyer or Morrissey on May 20, 2005. Mr. Dolley "neglected" to inform Mr. George that witness Meyer and Morrissey were under subpoena to appear for deposition on May 20, 2005 or that witness Meyer previously had been deposed, in part, on May 17, 2005. Mr. Dolley misrepresented the nature of the relationship between his office and Defendants' counsel and misled Mr. George into believing that Defendants would agree to a continuance of the depositions. Plaintiff Meyer and Mr. Dolley employed this strategy to buy time to

3

draft, file, and obtain a ruling on their Protective Order Relating to Deposition Questions Directed to St. Charles City Employees.

As set forth in more detail in Defendants' Motion, Plaintiff Mayer and his counsel desire to inquire into the substance of interviews between certain St. Charles City police officers and command staff as part of an internal investigation of Plaintiff's conduct that led to his termination from his employment. Mr. Mayer is pursuing an internal administrative appeal of his termination. All such interviews are closed personnel matters. Disclosure of said matters at deposition could expose the officers to disclipline.

Since officer Senter declined to assume the risk that his testimony concerning such personnel matters could have negative consequences for him, Plaintiff Mayer and his counsel embarked upon a strategy designed to delay the depositions of witness Mayer and Morrissey until such time as the issue could be presented to and ruled upon by this Court. Accordingly, Plaintiff Mayer and Mr. Dolley decided that, by having the officers make an eleventh request for counsel, and having counsel request time to prepare, the depositions would need to be continued until such time that a Motion could be drafted, filed, and ruled upon by this Court.

In sum, if witness Meyer and Morrissey did not make their own decision not to appear for deposition on May 20, 2005, then Plaintiff Mayer and/or Mr. Dolley advised them not to appear. Plaintiff Mayer and Mr. Dolley used Mr. George, witness Meyer, and Morrissey to further their strategy. Mr. Dolley misled and failed to inform Mr. George about the fact that witness Meyer and Morrissey were under subpoena and that Defendants' counsel would readily agree to a continuance of the depositions. Plaintiff Mayer and Mr. Dolley exposed witness Meyer and Morrissey to the contempt authority of this Court and to possible discipline from their employer.

4

Just as it is inappropriate for a witness to fail to obey a subpoena without adequate cause, it is inappropriate for a party and his counsel to cause a witness to disobey a subpoena.  By instructing or advising witness Meyer and Morrissey that they did not have to appear for deposition on May 20, 2005, Plaintiff Mayer and Mr. Dolley caused Defendants to incur and become obligated for attorneys' fees, costs, and expenses related to the preparation for the depositions of witness Meyer and Morrissey, the court reporter attendance fees, and have caused Defendants to incur and become obligated for attorneys' fees, costs, and expenses related to discussions with Mr. George, Mr. Dolley and the preparation and prosecution of this Motion.  The approximate amount of said costs, expenses, and fees approximates $ 2,500.00.

WEREFORE Defendants respectfully pray this Court for the entry of an order commanding Dean Meyer and Brian Morrissey to show cause why they should not be held in contempt for failing to appear for deposition on May 20, 2005 and to order Dean Meyer and Brian Morrissey to pay Defendants' costs, litigation expenses, and attorneys' fees related to the preparation for the depositions of witness Meyer and Morrissey, the court reporter attendance fees, and Defendants' costs, litigation expenses, and attorneys' fees related to discussions with Mr. George, Mr. Dolley, and the preparation and prosecution of this Motion.

Defendants also respectfully pray this Court for the entry of an order imposing sanctions against Plaintiff Thomas Mayer and his counsel by striking the pleadings of the Plaintiff and entering judgment on Plaintiff's Third Amended Complaint in favor of the Defendants, on the counterclaims therein stated by the Defendants in favor of the Defendants, for Defendants costs, litigation expenses, and attorneys' fees related to the preparation for the depositions of witness Meyer and Morrissey, the court reporter

5

attendance fees, and Defendants' costs, litigation expenses, and attorneys' fees related to discussions with Mr. George, Mr. Dolley, and the preparation and prosecution of this Motion.

In addition, Defendants respectfully pray this Court for the entry of appropriate orders imposing financial and other appropriate sanctions against Gregory Kloeppel, Kevin Dolley, Dean Meyer, and Brian Morrissey sufficient to deter others from interfering their obligation to appear for deposition and from interfering with legitimate discovery efforts, as set forth above, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

PLEBAN & ASSOCIATES, LLC

By:      /s/
         C. John Pleban #4066
         Michael J. Schaller #104005
         2010 South Big Bend
         St. Louis, MO 63117
         (314) 645-6666
         (314) 645-7376 FAX

HELFREY, SIMON & JONES, P.C.

By:      /s/
         Paul Simon #4373
         120 South Central Ave.
         Suite 1500
         St. Louis, MO 63105
         (314) 725-9100
         (314) 725-5754 FAX

**Certificate of Filing**

The undersigned verifies that the foregoing was filed via the Court's electronic filing system for distribution to all counsel of record this 25th day of May 2005 and by regular U.S. Mail postage prepaid to Michael T. George, 2525 S. Brentwood Blvd., Suite 102, St. Louis, MO 63144.

_____ /s/ _____ ___ ___ ___ __