UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS MAYER., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:04CV655 HEA |
| CITY OF ST. CHARLES, MISSOURI et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion for Protective Order Regarding the Deposition of Paul Corbin, [# 84], plaintiff's Motion for Protective Order Relating to Deposition Questions Directed to St. Charles City Employees, [# 90] and defendants' Motion for Sanctions Regarding the Depositions of Dean Meyer and Brian Morrissey, [# 91]. Responses have been filed to these motions. For the reasons set forth below, the Motion Regarding the Deposition of Paul Corbin is denied; the Motion Relating to Deposition Questions is denied; and the Motion for Sanctions is also denied.

### Paul Corbin Deposition

Plaintiff agrees that questions previously asked should not be repeated in the deposition of Paul Corbin. Accordingly, the Motion for Protective Order is denied as moot.

### Deposition Questions Directed to City Employees

The Court agrees with defendant that the Motion for Protective Order Regarding Deposition Question Directed to City Employees is not appropriate. Plaintiff is attempting to obtain a "catch-all" protective order for deposition questions that have been asked or may be asked in the future to parties not currently before the Court. The Court will not entertain a motion that seeks what in essence is an advisory ruling with respect to parties and questions to be raised in future depositions. Although the Court is aware that plaintiff is attempting to avoid "piecemeal fashion" relating to each individual deposition or discovery request, the Court believes that it is more appropriate for plaintiff to file a motion to compel in the event that deponents refuse to answer questions plaintiff believe to be appropriate. In that event, all interested parties will be before the Court and have an opportunity to voice any objections the parties may have to the questions. Accordingly, the Motion for Protective Order Regarding Deposition Questions Directed to City Employees is denied.

### Motion for Sanctions Regarding Dean Meyer and Brian Morrissey

Defendants seek imposition of sanctions on Dean Meyer and Brian Morrissey, as well as on plaintiff and counsel for plaintiff for problems which have occurred regarding the depositions of Meyer and Morrissey. After review of the pleadings, the Court is of the opinion that sanctions are not warranted at this time.

The motion is denied. Counsel is admonished, however, that they should work together in resolving discovery issues and obtaining discovery that is appropriate for discovery. Counsel are also reminded that the purpose of discovery, and motions related to same, is to secure information that may be relevant and useful at trial. The purpose is not to harass a party or delay the proceedings. In the event that issues cannot be resolved, counsel shall file appropriate motions to bring the matters before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Motion for Protective Order Regarding the Deposition of Paul Corbin, [# 84], is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Protective Order Relating to Deposition Questions Directed to St. Charles City Employees, [# 90], is denied.

**IT IS FURTHER ORDERED** that defendants' Motion for Sanctions Regarding the Depositions of Dean Meyer and Brian Morrissey, [# 91], is denied.

Dated this 15th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE