**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS MAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Cause No.:  4:04CV00655HEA |
| | |
| CITY OF ST. CHARLES, | ) |
| MISSOURI, et al., | ) |

**NON-PARTY FIRST CAPITOL NEWS' MEMORANDUM OF LAW IN**
**SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**

COMES NOW Non-Party First Capitol News, by and through counsel, and

for its Memorandum of Law in Support of its Response in Opposition to Plaintiff's

Motion to Compel First Capitol News to Produce Documents, respectfully states

as follows:

**FACTS**

1       On June 9, 2005, Plaintiff served on Non-Party First Capital News a

Subpoena to Produce Documents.  (See Plaintiff's Exhibit 1).

2.       On June 21, 2005, Non-Party First Capitol News timely filed their

Objections to Plaintiff's Subpoena.  (See Plaintiff's Exhibit 2)

3       It is without dispute that First Capitol News is a **non-party** to the

above-styled litigation.

4       It is without dispute that Plaintiff failed to tender fees for one day's

attendance and mileage as required by Rule 45(b)(1).

5.      It is without dispute that Plaintiff has failed to demonstrate to the Court that he has made effort to obtain the information from other sources.

6.      It is without dispute that Plaintiff has failed to demonstrate to the Court that the only access to the information sought is though First Capitol News or its sources.

7       It is without dispute that Plaintiff has failed to persuade the Court that the information sought is crucial to his claim.

## LAW

### A.      NON-PARTY:

Rule 45(c) specifically provides, "Production of person subject to subpoenas."

Rule 45(c)(1) specifically provides that a party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorneys' fees.

The Eighth Circuit recognized that pretrial discovery by depositions has a significant potential for abuse and this abuse is not limited to matters of delay and expense, but, rather discovery also may seriously implicate privacy interests of

2

non-parties. Miscellaneous Docket Matter 1 v. Miscellaneous Docket Matter 2, 197 F.3d. 922 (C.A. 8 Minn. 1999).

The Advisory Committee Notes of Rule 45 emphasize the fact that non-parties are to receive protection from the court from undue burden imposed by use of the subpoena power, and authorizes the court to quash, modify or condition a subpoena to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful exposure of confidential information. It corresponds to Rule 26(c)(7).

Furthermore, the courts have recognized that "it is easier for a party seeking to overcome the privilege to do so in a criminal trial or grand jury situation, or in a civil libel case where there is a media defendant, than in a "*civil case where the reporter is a non-party*." (Emphasis added.) See Continental Cable Vision, Inc. v. Storer Broadcasting Company, 583 F.Supp. 427 (1984), referencing generally, J. Baron and C. Dienes, Handbook of Free Speech and Free Press at 406-479 1979). "This is because the 'paramount public interest in the maintenance of a vigorous, aggressive and independent press.'" Continental Cable Vision citing United States v. Burke, 700 F.2d. 77. It is more likely to outweigh the duty to testify in civil litigation where the reporter is a non-party. Zerilli v. Smith, 656 F.2d. 712

Finally, the Advisory Committee Notes on Rule 45 specifically note:

> A person served a subpoena that is too broad may be faced
> with the burdensome task to provide full information
> regarding all that person claims to be privileged or work

3

product protection. Such a person is entitled to protection that may be secured through an objection made pursuant to Paragraph (c)(2).

This is the very protection Non-Party First Capitol News seeks.

## B.   IRRELEVANT:

Even in the Cervantes case cited by the Plaintiff, the Eighth Circuit held that the plaintiff must show "concrete evidence that the source will lead persuasive evidence on a key issue." 464 F.2d. 996. Similarly, the District of Columbia Circuit Court of Appeals stated that whether the information sought goes to the heart of the action is "certainly the most important factor." See Garland v. Torre, 259 F2d 545 (2nd Cir.). See also United States v. Burke, 700 F.2d. 70, 77 (2nd Cir.) cert. denied, 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed. 2d. 85  1983) (quoting In Re Petroleum Products Anti-trust Litigation, 680 F.2d. 5, 7 (2nd Cir.) cert. denied, sub nom. Arizona v. McGraw Hill, Inc., 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed. 2d. 171 (1982) (to obtain discovery, material sought must be "highly material and relevant, necessary or critical to the maintenance of the claim").

In Paragraphs   and 2 of Plaintiff's Subpoena Attachment, Plaintiff seeks financial statements, ledgers, financial reports and account payable information for the years 2002, 2003, 2004 and 2005. Plaintiff fails to allege how Non-Party First Capitol News' financial records would go to the heart of his defamation claim.

Paragraph 3 of Plaintiff's Subpoena Attachment requests "any and all cellular telephone records of any cellular phone used by Tony Brockmeyer in the course of business for First Capitol News for the years 2003, 2004 and 2005."

4

Cellular telephone records of Tony Brockmeyer over the course of those three years without any further limitation cannot go to the heart of Plaintiff's claim of defamation. Tony Brockmeyer is a non-party to the litigation and this request is especially a problem because the phone records may contain other citizens' phone numbers and their privacy interest in their phone numbers is particularly strong in this era when identity theft is a national problem. As a newspaper, First Capitol News has reported on many news topics over the years of 2003, 2004 and 2005 which were unrelated to the Plaintiff Thomas Mayer. Plaintiff has failed to demonstrate how all cellular telephone records for the years 2003, 2004 and 2005 would go to the heart of his claim of defamation.

Paragraph 4 of the Subpoena Attachment requests Non-Party First Capitol News to produce "any documents or memos provided to First Capitol News by the City of St. Charles and the St. Charles City Council for the years 2002, 2003, 2004 and 2005." Again, First Capitol News during that time period requested may have received memos from the City of St. Charles and the St. Charles City Council that were unrelated to the Plaintiff Thomas Mayer, and thus would be irrelevant to his claim of defamation.

Paragraph 5 of Plaintiff's Subpoena Attachment requests Non-Party First Capitol News to produce any correspondence between the St. Charles city officials or St. Charles city employees with any employee or agent of First Capitol News during the years 2003, 2004 and 2005. Again, Plaintiff has failed to demonstrate that any correspondence between any St. Charles city official or St. Charles city

5

employee for the years 2003, 2004 and 2005 would be relevant to his claim of defamation in this case.

Paragraph 6 of Plaintiff's Attachment to Subpoena requests Non-Party First Capitol News to produce any and all newspaper articles relative to the City of St. Charles Police Department and/or Plaintiff Thomas Mayer for the years 2003, 2004 and 2005    Over that period of time, the City of St. Charles Police Department made thousands of arrests, had changes in its administration, including its police chief, all of which are irrelevant to Plaintiff' claim of defamation. Plaintiff has failed to demonstrate how any and all newspaper articles relative to the City of St. Charles Police Department for those years would go to the heart of his claim for defamation.

Paragraph 7 of Plaintiff's Attachment to Subpoena requests Non-Party First Capitol News to list all human sources for all stories concerning the City of St. Charles Police Department and/or the Plaintiff Thomas Mayer for the years 2002 to present. Again, Plaintiff fails to demonstrate how all human sources for all stories concerning the City of St. Charles Police Department for the years 2002 to the present to be relevant to his claim of defamation. The City of St. Charles Police Department was involved in thousands of criminal investigations during that time period, went through numerous personnel changes, all of which are irrelevant to Plaintiff's claim of defamation. In addition, if it were possible for First Capitol News to list all human sources for all stories concerning the City of St. Charles Police Department, it may invade the privacy interests and

6

confidentiality of the human sources and place them in jeopardy due to the nature of the stories. Thus, this would outweigh any benefit derived from the disclosure requested.

Paragraph 8 of Plaintiff's Attachment to Subpoena requests First Capitol News to produce all newspapers for the First Capitol News from 2001 to present. Plaintiff has failed to demonstrate how all newspapers for the First Capitol News from 2001 to present would be relevant to Plaintiff Thomas Mayer's claim for defamation. Obviously, not all newspapers from the First Capitol News from 2001 to present reference Plaintiff Thomas Mayer.

### C.   **BURDENSOME AND COSTLY**

Numerous documents requested by Plaintiff's Subpoena would require hundreds of man hours, expensive copying costs and delivery charges. Rule 45 specifically protects non-party witnesses from such abuse by subpoena.

### D.   **PRIVACY INTERESTS OF FIRST CAPITOL NEWS AND ITS EMPLOYEES**

The financial records and information sought by Plaintiff's Subpoena is not only irrelevant to Plaintiff's claim for defamation, but also is of such a confidential nature that it could have a negative commercial impact on First Capitol News if such information was divulged to third parties.

### E.   **REPORTER/MEDIA PRIVILEGE**

The Missouri Court of Appeals in <u>State of Missouri ex rel., Classic Three, Inc. and Carl Danberry, Relators, Pulitzer Publishing Company, Amicus Curi,</u>

Missouri Press Association, Amicus Curi, vs. Honorable William W. Ely, Judge, 16th Judicial Circuit, Respondent, 954 S.W.2d 650 (W.D. 1997) in holding that a Reporter's Shield Privilege applied in a case where a trucker's organization alleged an article was libelous, gave a detailed analysis of the development of the Reporter's Shield Privilege in its opinion.

The court made a distinction between the development of the Reporter's Shield Privilege in grand jury criminal cases and the privilege in civil cases. Id. at 653-655. In upholding the reporter's privilege, the Missouri Court of Appeals relied heavily on the Eighth Circuit 1972 case of Cervantes vs. Time, Inc., 464 F.2d. 986 (8th Cir. 1972), cert. denied, 409 U.S. 125, 93 S.Ct. 939, 35 L.Ed. 2d. 257 (1973), which was, ironically enough, cited by Plaintiff. The court noted that Mayor Cervantes sought to discover the names of anonymous source who had provided information relied on by the magazine in preparing its article. The 8th Circuit upheld the district court's refusal to require the revelation of this information, stating "it would not require the reporter to reveal confidential news sources where the person seeking the discovery simply speculated that discovery might reveal relevant information. The court made specific notes that of principle importance was the showing of cognizable prejudice before the failure to permit the examination of anonymous news sources can arise to the level of error. Id. at 994.

The courts in United States v. Burke, and in Zerilli v. Smith, cited previously, recognize the right of discovery is strongest where cases against the

8

media defendant involves an alleged libel by the reporter. Not when, as in this case, the discovery is sought against a non-party. See, <u>Classic Three, Inc.</u> at 655.

Once the privilege has been invoked, a movant who seeks to overcome the privilege must satisfy a three part balance of tests: first, the movant seeking to override the privilege must demonstrate that he has made an effort to obtain the information from other sources; second, he must demonstrate that the only access to the information sought is through the journalist and his source; and finally the movant must persuade the court that the information sough is crucial to the claim. <u>State of Missouri ex rel., Classic Three, Inc. and Carl Danberry, Relators, Pulitzer Publishing Company, Amicus Curi, Missouri Press Association, Amicus Curi, vs. Honorable William W. Ely, Judge, 16th Judicial Circuit, Respondent</u>, 954 S.W.2d 650 (W.D. 1997); <u>Cervantes vs. Time, Inc.</u>, 464 F.2d. 986 (8th Cir. 1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed. 2d. 257 (1973); <u>Zerilli v. Smith</u>, 656 F.2d. 712; and <u>United States v. Burke</u>, 700 F2d 70, 77 (2nd Cir.) cert. denied, 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed. 2d 85 (1983).

Plaintiff in this case, has not demonstrated that he has made an effort to obtain the information from other sources. He has also failed to demonstrate that First Capitol News is the only source for the information he seeks. Finally, Plaintiff has failed to show concrete evidence that disclosure will lead to persuasive evidence on a key issue of his claim. Both <u>Certvantes</u> and Missouri courts hold that mere relevance is insufficient to compel discovery; disclosure should be denied unless the information goes to the heart of the Plaintiff's claim.

To obtain discovery, materials sought must be highly material and relevant, necessary or critical to the maintenance of the claim. For the information provided by the source is only of peripheral or collateral importance, then the need for discovery is less strong and the importance of the confidentiality looms larger. State of Missouri ex rel., Classic Three, Inc. and Carl Danberry, Relators, Pulitzer Publishing Company, Amicus Curi, Missouri Press Association, Amicus Curi, vs. Honorable William W. Ely, Judge, 16th Judicial Circuit, Respondent, 954 S.W.2d 650 (W.D. 1997); Cervantes vs. Time, Inc., 464 F.2d. 986 (8th Cir. 1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed. 2d. 257 (1973); Zerilli v. Smith, 656 F.2d. 712; and United States v. Burke, 700 F2d 70, 77 (2nd Cir.) cert. denied, 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed. 2d 85 (1983).

## CONCLUSION

Plaintiff has not made any reasonable attempt to demonstrate the relevance of his requests, reduce the burden and cost on the deponent, obtain the information from alternative sources, or demonstrate how the information sought goes to the heart of his case.

WHEREFORE, Non-Party First Capitol News respectfully requests the Court deny Plaintiff's Motion to Compel First Capitol News to Produce Documents, and award First Capitol News reasonable attorneys' fees and any other relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

LERITZ, PLUNKERT & BRUNING, P.C.

By: _____

JOSEPH L. GREEN, #34850
Attorney for First Capitol News
One City Centre, Suite 2001
St. Louis, Missouri 63101
Telephone:  (314) 231-9600
Facsimile:  (314) 231-9480

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was forwarded via U.S. Mail, postage prepaid, this ___5___ day of _____, 2005, to:

Mr. Greg Kloeppel
Mr. Kevin Rolley
Attorney for Plaintiff
9620 Lackland Road
St. Louis, Missouri 63114

Mr. Chet Pleban
Mr. Michael Schaller
Attorneys for Defendant City of St. Charles
2010 South Big Bend Boulevard
St. Louis, Missouri 63117

Mr. John S. McCollough
Mr. Paul Simon, Jr.
Helfrey, Simon & Jones, P.C.
120 South Central Avenue,
Suite 1500
St. Louis, Missouri 63105

_____

11