IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS MAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:04CV00655HEA |
| | ) | |
| CITY OF ST. CHARLES, MISSOURI, et al | ) | |
| | ) | |
| Defendants. | ) | |

REPLY TO DEFENDANTS' COUNTERCLAIMS IN RESPONSE
TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

COMES NOW Plaintiff / Counterclaim Defendant, by and through counsel, and for his

Reply to Defendants' Counterclaim in Response to Plaintiff's Third Amended Complaint, states

as follows:

REPLY TO COUNTERCLAIM I -   FRAUDULENT ABUSE OF SICK LEAVE –
CONVERRSION AND UNJUST ENRICHMENT (2003-2004)

1.      Plaintiff admits the allegations contained in paragraph 1.

2.      Plaintiff admits the allegations contained in paragraph 2.

3.      Plaintiff admits in paragraph 3 that on or about September 3, 2003 a claim for

compensation was completed on behalf of the claimant Thomas Mayer.  Plaintiff denies

completing and signing the claim for compensation.

4.      Plaintiff admits that on or about September 8, 2003 a claim for compensation was

filed on behalf of Plaintiff Thomas Mayer with the Missouri Department of Labor and Industrial

Relations and Plaintiff denies all remaining allegations in paragraph 4.

5.      Plaintiff states that the allegations in paragraph 5 contain legal conclusions to

1

which no response is required and as further answer Plaintiff admits that his Claim for

Compensation sought temporary total disability and permanent partial disability benefits under

Missouri Workers' Compensation Law.

6.      Plaintiff admits the allegations in paragraph 6.

7.      Plaintiff states that the allegations in paragraph 7 contain legal conclusions to

which no response is required and Plaintiff admits that Defendant paraphrased portions of the

text of his workers compensation claim in paragraph 7 and plaintiff denies all remaining

statements in paragraph 7.

8.      Plaintiff states that the allegations in paragraph 8 contain legal conclusions to

which no response is required and plaintiff admits that the initial date for his injury was on April

22, 2003 and denies all remaining claims in paragraph 8.

9.      Plaintiff states that the allegations in paragraph 9 contain legal conclusions to

which no response is required and as further answer Plaintiff admits that Plaintiff was under no

medical restrictions between April 22, 2003 and August 28, 2003.  Plaintiff denies all remaining

allegations.

10.     Plaintiff admits that he was President of the Missouri State FOP during the period

of time April 22, 2003 to August 28, 2003 and that he was present in August 2003 at the

National FOP Conference.  Plaintiff denies all other allegations.

11.     Plaintiff admits that his initial symptoms of stress began in April, 2003 and that

Plaintiff's condition continued to worsen under the stress until Plaintiff reported the injury to his

supervisor in August, 2003.  Plaintiff denies all remaining allegations in paragraph 11.

12.     Plaintiff states that the allegations in paragraph 12 contain legal conclusions to

2

which no response is required and as further answer Plaintiff admits that Plaintiff did not receive temporary total disability benefits from Defendant City.  Plaintiff denies all remaining allegations in paragraph 12.

13.    Plaintiff admits the allegations contained in paragraph 13.

14.    Plaintiff admits the allegations contained in paragraph 14.

15.    Plaintiff admits in paragraph 15 that his initial symptoms of stress began in April, 2003 and that Plaintiff condition continued to worsen under the stress and Plaintiff sough medical treatment starting on or about September 10, 2003.   Plaintiff denies all remaining allegations in paragraph 15.

16.    Plaintiff admits the allegations contained in paragraph 16.

17.    Plaintiff admits in paragraph 17 that he was on sick leave while he was unable to work due to stress related symptoms.  Plaintiff denies all remaining allegations contained in paragraph 17.

18.    Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 18.

19.    Plaintiff admits in paragraph 19 that he returned to work for Defendant City on February 6, 2004 and was terminated on April 21, 2005.  Plaintiff worked full time as a police officer without medical restrictions or limitations during the above stated period of time. Plaintiff denies all remaining allegations contained in paragraph 19.

20.    Plaintiff admits that discovery was conducted as part of his Workers' Compensation Claim but denies all remaining allegations in paragraph 20.

21.    Plaintiff admits that the depositions of Defendants Hoepfner, Brown and Corbin

3

and St. Charles City police officers were taken as part of Plaintiff's Workers' Compensation Claim.  Plaintiff denies all remaining allegations in paragraph 21.

22.     Plaintiff admits that his deposition was not taken as part of the Workers' Compensation Claim.  Plaintiff denies all remaining allegations in paragraph 22.

23.     Plaintiff admits that an independent medical examination was not performed on Plaintiff during the pendency of his Workers' Compensation Claim.  Plaintiff denies all remaining allegations in paragraph 23.

24.     Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 24.

25.     Plaintiff admits that on or about July 13, 2004 his Workers' Compensation Claim was dismissed without prejudice.  Plaintiff denies all remaining allegations in paragraph 25.

26.     Plaintiff admits that he received earned and accrued sick leave benefits while on medical leave. Plaintiff is without sufficient knowledge, information or belief to admit or deny the remaining allegations contained within paragraph 26.

27.     Plaintiff denies the allegations contained in paragraph 27.

28.     Plaintiff denies the allegations contained within paragraph 28.

29.     Plaintiff admits that he received a stipend from the Missouri State Lodge of the Fraternal Order of Police during the period of August 29, 2003 to February 6, 2004.  As further answer, Defendant City was aware of Plaintiff's role with the Missouri State Lodge of the Fraternal Order of Police since 1998.  Plaintiff denies all remaining allegations contained within paragraph 29.

30.     Plaintiff admits that he did not use any of his 200 hours of FOP administrative

4

time between August 29, 2003 and February 6, 2004.  Plaintiff denies all remaining allegations contained within paragraph 30.

31.     Plaintiff states that the allegations in paragraph 31 contain legal conclusions to which no response is required and Plaintiff denies all remaining allegations in paragraph 31.

32.     Plaintiff denies the allegations contained in paragraph 32.

33.     Plaintiff denies the allegations contained in paragraph 33.

34.     Plaintiff admits that he has been a police officer for Defendant City for more than twenty years and is aware of the rules and regulations of Defendant City.  Plaintiff denies all remaining allegations contained within paragraph 34.

35.     Plaintiff denies the allegations contained in paragraph 35.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City's Counterclaim I, to access Plaintiff's costs of Court against Defendant, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

## AFFIRMATIVE DEFENSES - COUNT I

1.     Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.     The Defendant is equitably estopped from pursuing this cause of action based upon Defendant City's own investigation and findings in regard to the allegations contained within Count I.

3.     Defendant City has within its Answer and Counterclaim taken contrary positions as to the enforceability of the Agreement regarding Plaintiff's use of FOP administrative time.

5

4.      Plaintiff's use of sick leave time was investigated independently by Defendant's Police Department and Plaintiff was exonerated of all charges.

5.      There was no inequity or injustice in the manner in which Plaintiff made use of sick time, of which he had earned and accumulated, for use during a medical leave of absence.

6.      Pursuant to the City Charter and its own rules and regulations of the City, it is obligated to provide Plaintiff with sick leave benefits while Plaintiff is on sick leave.

7.      Pursuant to the City Charter and its own rules and regulations of the City, Plaintiff was never disciplined with regard to his conduct.

8.      Defendant is not entitled to the relief sought and fails to establish the elements of the claim.

9.      Defendant has failed to plead the elements of fraud with specificity or establish the element of falsity.

10.      Defendant has failed to establish what, if any, false representation was made by Plaintiff.

11.      Defendant has failed to plead any ignorance of the truth or intent that a representation by Plaintiff should be acted on by the Defendant and in any manner reasonably contemplated or what that manner would be.

12.      Plaintiff did not engage in "outside employment," under the City Charter while on sick leave and the term "outside employment" is vague, ambiguous and not defined under the City Charter.

13.      Defendant City was aware of Plaintiff's use of sick leave and the office Plaintiff held while on sick leave and Defendant City found Plaintiff's use of sick leave as not

6

inappropriate at that time.

14.     Defendant City's Counterclaim at issue regarding Plaintiff's use of sick time, following Defendant finding that Plaintiff did not misuse his sick time, is a form of retaliation against Plaintiff for filing a Complaint to redress grievances of public concern.

15.     Plaintiff states that Defendant's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

16.     Defendant has failed to state a claim upon which relief may be granted.

17.     Defendant's claim is barred by the applicable statutes of limitation.

18.     Defendant's claim is barred by and/or subject to comparative fault.

19.     Defendant's claim is barred as a matter of law and by the defense of sovereign immunity.

20.     Defendant is not entitled to the relief sought.

21.     Plaintiff reserves the right to assert such other defenses as he may determine through discovery or otherwise.

<u>REPLY TO COUNTERCLAIM II – ABUSE OF PROCESS</u>

1.     Plaintiff restates and incorporates by reference, as if fully set forth herein, his answers to allegations contained in paragraphs 1-35 from Count I.

2.     Plaintiff states that the allegations in paragraph 2 are vague, ambiguous and undefined and contain legal conclusions to which no response is required and denies all remaining allegations contained within paragraph 2.

3.     Plaintiff states that the allegations in paragraph 3 contain legal conclusions to which no response is required and denies all remaining allegations contained within paragraph 3.

4.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the amount of Defendant City's legal costs and therefore denies such allegations and as further answer Plaintiff denies all remaining allegations contained within paragraph 4.

5.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations regarding Defendant Hoepfner and Gieseke's work schedule or personal activities and obligations and time spent being interviewed or prepared and therefore Plaintiff denies such allegations and as further answer Plaintiff denies all remaining allegations contained within paragraph 5.

6.      Plaintiff denies the allegations contained in paragraph 6.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City, Hoepfner and Gieseke's Counterclaim II, to access Plaintiff's costs of Court against said Defendants, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

## AFFIRMATIVE DEFENSES - COUNT II

1.      Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.      The Defendant is equitably estopped from pursuing this cause of action.

3.      Plaintiff's use of the workers' compensation discovery process was legal and authorized by the provisions of Missouri Workers' Compensation law.

4.      Plaintiff's purpose in filing his Workers' Compensation claim was the obtainment of statutorily provided Workers' Compensation benefits.

5.      Defendants were not damaged as a result of Plaintiff filing a claim for statutorily

provided Workers' Compensation benefits and exercising his discovery rights under Missouri

Worker's Compensation law.

6.      Defendant is not entitled to the relief sought.

7.      Pursuant to the City Charter and its own rules and regulations of the City,

Plaintiff was never disciplined with regard to his conduct.

8.      Defendant has failed to plead or establish that Plaintiff's use of process was

illegal, improper, perverted, or neither warranted nor authorized by the process.

9.      Defendant cannot establish any proof beyond an additional motive of the Plaintiff.

10.      Plaintiff states that Defendants' claims are barred by the doctrines of unclean

hands, laches, waiver, and/or estoppel.

11.      Plaintiff did nothing more than pursue a worker's compensation claim.

12.      Defendants have failed to state a claim upon which relief may be granted.

13.      Defendants' claim is barred by the applicable statutes of limitation.

14.      Defendants' claim is barred by and/or subject to comparative fault.

15.      Defendant's claim is barred as a matter of law and by the defense of sovereign

immunity.

16.      Defendants are not entitled to the relief sought.

17.      Plaintiff reserves the right to assert such other defenses as he may determine

through discovery or otherwise.

<u>REPLY TO COUNTERCLAIM III -  BREACH OF AGREEMENT</u>

1.      Plaintiff restates and incorporates by reference, as if fully set forth herein, his

answers to allegations contained in paragraphs 1-35 from Counterclaim I and answers to

allegations contained within paragraphs 1-6 inclusive from Counterclaim II.

2.      Plaintiff admits the allegations contained within paragraph 2.

3.      Plaintiff admits that on or about August 3, 2000 Plaintiff and Chief Corbin executed an Agreement stating Sergeant Mayer was granted 200 hours of FOP administrative time for use on FOP matters.  Plaintiff states that the remaining allegations are vague and ambiguous and contain undefined terms and as further answer Plaintiff is without sufficient knowledge, information or belief to admit or deny the remaining allegations and therefore Plaintiff denies the remaining allegations contained within paragraph 3.

4.      Plaintiff admits that the Agreement and pattern and practice provided Sergeant Mayer 200 hours of FOP administrative time per year for use on FOP matters.  Plaintiff denies all remaining allegations contained within paragraph 4.

5.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 5.

6.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 6.

7.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 7.

8.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 8.

9.      Plaintiff is without sufficient knowledge, information or belief to admit or deny the allegations contained within paragraph 9.

10.      Plaintiff is without sufficient knowledge, information or belief to admit or deny

the allegations contained within paragraph 10.

11.     Plaintiff states that the agreement speaks for itself.  Plaintiff denies all remaining allegations contained within paragraph 11.

12.     Plaintiff denies the allegations contained within paragraph 12.

13.     Plaintiff denies the allegations contained within paragraph 13.

14.     Plaintiff states that the allegations being made are vague and ambiguous and contain terms that are not defined.  As further answer, Plaintiff denies the allegations contained within paragraph 14.

15.     Plaintiff denies the allegations contained within paragraph 15.

16.     Plaintiff denies the allegations contained within paragraph 16.

17.     Plaintiff denies the allegations contained within paragraph 17.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City's Counterclaim III, to access Plaintiff's costs of Court against Defendant, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

<u>AFFIRMATIVE DEFENSES - COUNT III</u>

1.     Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.     The Defendant is equitably estopped from pursuing this cause of action based upon Defendant City's own investigation and findings in regard to the allegations contained within Count III.

3.     Defendant City has within its Answer and Counterclaim taken contrary positions

11

as to the enforceability of the Agreement regarding Plaintiff's use of FOP administrative time.

4.      Plaintiff fully performed under the Agreement with Defendant City.

5.      Defendant is not entitled to the relief sought.

6.      Plaintiff did not engage in "outside employment," under the City Charter while on sick leave and the term "outside employment" is vague, ambiguous and not defined under the City Charter.

7.      Plaintiff's use of FOP time was investigated by representatives of Defendant City's Police Department and Plaintiff was exonerated of all charges.

8.      Defendant City's Counterclaim at issue regarding Plaintiff's use of FOP time, following Defendant finding that Plaintiff did not misuse his FOP time, is a form of retaliation against Plaintiff for filing a Complaint to redress grievances of public concern.

9.      Pursuant to the City Charter and its own rules and regulations of the City, Plaintiff was never disciplined with regard to his conduct.

10.     Plaintiff states that Defendant's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

11.     Defendant has failed to state a claim upon which relief may be granted.

12.     Defendant's claim is barred by the applicable statutes of limitation.

13.     Defendant's claim is barred by and/or subject to comparative fault.

14.     Defendant's claim is barred as a matter of law and by the defense of sovereign immunity.

15.     Defendant is not entitled to the relief sought.

16.     Plaintiff reserves the right to assert such other defenses as he may determine

12

through discovery or otherwise.

REPLY TO COUNTERCLAIM IV – CONVERSION AND<br>UNJUST ENRICHMENT – RIDE ALONG PROGRAM

1.     Plaintiff restates and incorporates by reference, as if fully set forth herein, his answers to allegations contained in paragraphs 1-35 from Counterclaim I and answers to allegations contained within paragraphs 1-6 inclusive from Counterclaim II and answers to allegations contained within paragraphs 1-17 from Counterclaim III above.

2.     Plaintiff admits the allegations contained in paragraph 2.

3.     Plaintiff admits there is a ride along policy is contained within policy 009 and in addition past practices and policies in effect with regard to the ride along program.

4.     Plaintiff generally admits the paraphrased language contained in paragraph 4 is contained within Policy 009 in addition to past practices and policies in effect with regard to the ride along program.

5.     Plaintiff admits the allegations contained in paragraph 5.

6.     Plaintiff admits the allegations contained in paragraph 6.

7.     Plaintiff admits the allegations contained in paragraph 7.

8.     Plaintiff admits the allegations contained in paragraph 8.

9.     Plaintiff admits the allegations contained in paragraph 9.

10.     Plaintiff denies the allegations contained in paragraph 10.

11.     Plaintiff admits that a portion of their conversation regarded topics listed in paragraph 11.  Plaintiff denies all remaining allegations contained within paragraph 11.

12.     Based on information and belief Plaintiff admits paragraph 12.

13.     Plaintiff admits the allegations contained in paragraph 13 to the extent an ATV

13

struck the police vehicle.  Plaintiff denies all remaining allegations contained within paragraph 13.

14.     Plaintiff admits damage was sustained to the police vehicle.  Plaintiff denies all remaining allegations contained within paragraph 14.

15.     Plaintiff admits the allegations contained in paragraph 15.

16.     Plaintiff admits the allegations contained in paragraph 16.

17.     Plaintiff denies the allegations contained within paragraph 17.

18.     Plaintiff admits the allegations contained within paragraph 18.

19.     Plaintiff admits his son Thomas Mayer II, a St. Louis City Police Officer, has ridden in his police vehicle.  Plaintiff denies all remaining allegations contained within paragraph 19.

20.     Plaintiff admits his son and he talked while riding in a police vehicle.  Plaintiff denies all remaining allegations contained within paragraph 20.

21.      Plaintiff denies the allegations contained within paragraph 21.

22.     Based upon information and belief Plaintiff denies the allegations contained within paragraph 22.

23.     Plaintiff admits the allegations contained within paragraph 23.

24.     Plaintiff admits that his son rode with him prior to May 27, 2004.  Plaintiff denies all remaining allegations contained within paragraph 24.

25.     Plaintiff admits the allegations contained within paragraph 25.

26.     Plaintiff admits that Kevin Ahlbrand is a police officer for the City of St. Louis.  Plaintiff denies the remaining allegations contained within paragraph 26.

14

27.     Plaintiff admits the allegations contained within paragraph 27.

28.     Plaintiff denies the allegations contained within paragraph 28.

29.     Plaintiff denies the allegations contained within paragraph 29.

30.     Plaintiff denies that he was distracted or failed to perform his duties while others rode in Plaintiff's police vehicle.  Plaintiff denies all remaining allegations contained within paragraph 30.

31.     Plaintiff denies the allegations contained within paragraph 31.

32.     Plaintiff denies the allegations contained within paragraph 32.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City's Counterclaim IV, to access Plaintiff's costs of Court against Defendant, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

<u>AFFIRMATIVE DEFENSES - COUNT IV</u>

1.     Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.     The Defendant is equitably estopped from pursuing this cause of action based upon Defendant City's own investigation and findings in regard to the allegations contained within Count IV and Defendant's consent to the actions at issue and abandonment of any claim.

3.     There was no inequity or injustice in the manner in which Plaintiff made use of the ride along program and thereby damage to Defendant.

4.     Pursuant to the City Charter and its own rules and regulations of the City, Plaintiff was never disciplined with regard to his conduct.

15

5.     Defendant is not entitled to the relief sought and fails to establish the elements of the claim.

6.     Defendant City's Counterclaim at issue regarding Plaintiff's use of the ride along program is a form of retaliation against Plaintiff for filing a Complaint to redress grievances of public concern.

7.     There was no benefit conferred on Defendant by Plaintiff or Plaintiff's appreciation of the fact of the benefit that is clearly denied.

8.     Plaintiff states that Defendant's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

9.     Defendant has failed to state a claim upon which relief may be granted.

10.     Defendant's claim is barred by the applicable statutes of limitation.

11.     Defendant's claim is barred by and/or subject to comparative fault.

12.     Defendant's claim is barred as a matter of law and by the defense of sovereign immunity.

13.     Defendant is not entitled to the relief sought.

14.     Plaintiff reserves the right to assert such other defenses as he may determine through discovery or otherwise.

<u>REPLY TO COUNTERCLAIM V – FRAUDULENT ABUSE OF SICK LEAVE-<br>CONVERSION AND UNJUST ENRICHMENT (1995-1996)</u>

1.     Plaintiff restates and incorporates by reference, as if fully set forth herein, his answers to allegations contained in paragraphs 1-35 from Counterclaim I and answers to allegations contained within paragraphs 1-6 inclusive from Counterclaim II above, the answers to allegations contained in paragraph 1-17 from Counterclaim III above, and the answers to

16

allegations contained in paragraph 1-32 inclusive from Counterclaim IV above.

2.      Plaintiff is without information by which to admit or deny and therefore denies Paragraph 2.

3.      Based on information and belief Plaintiff admits paragraph 3.

4.      Based on information and belief Plaintiff admits paragraph 4.

5.      Based on lapse of time and the full resolution of any from symptoms for a greatly extended period of time, Plaintiff does not have information sufficient to admit or deny and therefore Plaintiff denies the allegations contained in paragraph 5.

6.      Based on information and belief Plaintiff admits paragraph 6.

7.      Plaintiff denies the allegations contained within paragraph 7.

8.      Plaintiff is without sufficient information based on lapse of time to admit or deny allegations contained in paragraph 8, therefore Plaintiff denies the allegations contained in paragraph 8 and all its subparts.

9.       Plaintiff is without sufficient information based on lapse of time to admit or deny allegations contained in paragraph 9, therefore Plaintiff denies the allegations contained in paragraph 9.

10.     Plaintiff is without sufficient information based on lapse of time to admit or deny allegations contained in paragraph 9, therefore Plaintiff denies the allegations contained in paragraph 9.

11.     Plaintiff is without sufficient information based on lapse of time to admit or deny allegations contained in paragraph 9, therefore Plaintiff denies the allegations contained in paragraph 9.

12.     Plaintiff admits the allegations contained within paragraph 12.

13.     Plaintiff admits that he returned to work on April 5, 1996 and denies any and all other allegations contained within paragraph 13.

14.     Plaintiff admits he worked third shift between April 5, 1996 and April 21, 2005. Plaintiff denies any and all other allegations contained within paragraph 14.

15.     Plaintiff admits to use of sick leave in 1995 and 1996.  Plaintiff denies any and all other allegations contained within paragraph 15.

16.      Plaintiff denies any violation of Rule 12.5 or Rule 23.3 or any wrongful conduct at issue in paragraph 16 and denies any and all remaining allegations contained within paragraph 16.

17.     Plaintiff denies engaging in outside business activities, employment, and personal business activities while on sick leave and any and all remaining allegations contained within paragraph 17.

18.     Plaintiff denies the allegations contained within paragraph 18.

19.     Plaintiff admits knowledge of City rules and regulations.  Plaintiff denies all remaining allegations contained within paragraph 19.

20.     Plaintiff denies all allegations contained within paragraph 20.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City's Counterclaim V, to access Plaintiff's costs of Court against Defendant, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

## AFFIRMATIVE DEFENSES - COUNT V

18

1.      Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.      The Defendant is equitably estopped from pursuing this cause of action based upon Defendant City's own investigation and findings in regard to the allegations contained within Count V.

3.      Plaintiff's use of sick leave time was investigated by Defendant's Police Department and Plaintiff was exonerated of all charges.

4.      There was no inequity or injustice in the manner in which Plaintiff made use of sick time, of which he had earned and accumulated, for use during a medical leave of absence.

5.      Pursuant to the City Charter and its own rules and regulations of the City, it is obligated to provide Plaintiff with sick leave benefits while Plaintiff is on sick leave.

6.      Defendant is not entitled to the relief sought and fails to establish the elements of the claim.

7.      Defendant has failed to plead the elements of fraud with specificity or establish the element of falsity.

8.      Defendant has failed to establish what, if any, false representation was made by Plaintiff.

9.      Defendant has failed to plead any ignorance of the truth or intent that a representation by Plaintiff should be acted on by the Defendant and in any manner reasonably contemplated or what that manner would be.

10.      Plaintiff did not engage in "outside employment," under the City Charter while on sick leave and the term "outside employment" is vague, ambiguous and not defined under the

19

City Charter.

11.     Defendant City was aware of Plaintiff's use of sick leave and the office Plaintiff

held while on sick leave and Defendant City found Plaintiff's use of sick leave as not

inappropriate at that time.

12.     Defendant City's Counterclaim at issue regarding Plaintiff's use of sick time,

following Defendant finding that Plaintiff did not misuse his sick time, is a form of retaliation

against Plaintiff for filing a Complaint to redress grievances of public concern.

13.     Plaintiff states that Defendant's claims are barred by the doctrines of unclean

hands, laches, waiver, and/or estoppel.

14.     Defendant has failed to state a claim upon which relief may be granted.

15.     Defendant's claim is barred by the applicable statutes of limitation.

16.     Defendant's claim is barred by and/or subject to comparative fault.

17.     Defendant's claim is barred as a matter of law and by the defense of sovereign

immunity.

18.     Defendant is not entitled to the relief sought.

19.     Plaintiff reserves the right to assert such other defenses as he may determine

through discovery or otherwise.

<u>REPLY TO COUNTERCLAIM VI– FRAUDULENT CLAIM FOR OVERTIME-
CONVERSION AND UNJUST ENRICHMENT</u>

1.     Plaintiff restates and incorporates by reference, as if fully set forth herein, his

answers to allegations contained in paragraphs 1-35 from Counterclaim I and answers to

allegations contained within paragraphs 1-6 inclusive from Counterclaim II above, the answers

to allegations contained in paragraph 1-17 from Counterclaim III above, and the answers to

allegations contained in paragraph 1-32 inclusive from Counterclaim IV above, and the answers to allegations contained in paragraphs 1-20 inclusive from Counterclaim V above.

2.      Plaintiff admits he checked off a box indicating decreased libido.

3.      Plaintiff admits the allegations contained within paragraph 3.

4.      Plaintiff admits that a question arose as to the ability of the defendant to inquire into the plaintiff's relationship and at or around that same time it became an appropriate place to stop the deposition as Plaintiff had worked the midnight shift the night prior to the deposition after numerous hours of deposition testimony.  Plaintiff denies all remaining allegations contained within paragraph 4.

5.      Plaintiff admits the allegations contained within paragraph 5.

6.      Plaintiff admits the allegations contained within paragraph 6.

7.      Plaintiff admits the allegations contained within paragraph 7.

8.      Plaintiff admits receiving a subpoena in his work mailbox from the St. Charles County Prosecuting Attorney's office.  Plaintiff denies all remaining allegations contained within paragraph 8.

9.      Plaintiff admits the allegations contained within paragraph 9.

10.      Plaintiff was unsure at the time of receipt of his involvement in the case and followed the city's policy with regard to appearance for subpoenas.  Plaintiff denies all remaining allegations in paragraph 10.

11.      Plaintiff admits that he was a police officer and had the rank of sergeant.  Plaintiff admits that Kenny Mayer is also a police officer and based on information and belief has not obtained the rank of sergeant.  Based on information and belief Plaintiff denies all remaining

21

allegations contained in Paragraph 11.

12.     Plaintiff is without information or belief to admit or deny Paragraph 12 and therefore denies the allegations contained within paragraph 12.

13.     Plaintiff reported to court pursuant to the subpoena policies of the St. Charles City Police Department.  Plaintiff denies all remaining allegations contained within paragraph 13.

14.      Plaintiff admits the allegations contained within paragraph 14.

15.     Plaintiff admits that he followed the procedure for appearance for subpoenas in state court.  Plaintiff denies any and all further requirements implicated within paragraph 15 and therefore denies all remaining allegations contained within paragraph 15.

16.     Plaintiff admits that he followed the procedure for appearance for subpoenas in state court.  Plaintiff denies any and all further requirements implicated within paragraph 16 and therefore denies all remaining allegations contained within paragraph 16.

17.     Plaintiff admits that a prosecuting attorney apologized to Plaintiff for any confusion or mistake by their office at around 11:00 a.m. on April 12, 2005.  Plaintiff denies all remaining allegations contained within paragraph 17.

18.     Plaintiff admits that he worked the midnight shift the night prior and that he received no opportunity to sleep prior to the deposition date.  Plaintiff denies all remaining allegations contained within paragraph 18.

19.     Plaintiff admits receiving two (2) hours overtime pay.  Plaintiff denies any and all remaining allegations contained in paragraph 19.

20.     Plaintiff denies the allegations contained within paragraph 20.

21.     Plaintiff denies misappropriation and/or conversion of City property to the loss

and detriment of the City and its residents.  Plaintiff denies any and all remaining paragraphs contained within paragraph 21.

22.     Plaintiff is without information or belief as to the allegations contained within paragraph 20 and therefore denies the allegations contained within paragraph 22.

23.     Plaintiff denies the allegations contained within paragraph 23.

24.     Plaintiff denies the allegations contained within paragraph 24.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City's Counterclaim VI, to access Plaintiff's costs of Court against Defendant, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

## AFFIRMATIVE DEFENSES - COUNT VI

1.     Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.     There was no inequity or injustice in the manner in which Plaintiff made use of overtime.

3.     Pursuant to the City Charter and its own rules and regulations of the City, it is obligated to provide Plaintiff with overtime benefits.

4.     Defendant is not entitled to the relief sought and fails to establish the elements of the claim.

5.     Defendant is not entitled to the relief sought and fails to establish the elements of the claim.

6.     Defendant has failed to plead the elements of fraud with specificity.

23

7.      Defendant has failed to establish what, if any, false representation was made by Plaintiff.

8.      Defendant has failed to plead any ignorance of the truth or intent that a representation by Plaintiff should be acted on by the Defendant and in any manner reasonably contemplated or what that manner would be.

9.      Defendant City's Counterclaim at issue regarding Plaintiff's use of overtime, is a form of retaliation against Plaintiff for filing a Complaint to redress grievances of public concern.

10.     Plaintiff states that Defendant's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

11.     Defendant has failed to state a claim upon which relief may be granted.

12.     Defendant's claim is barred by the applicable statutes of limitation.

13.     Defendant's claim is barred by and/or subject to comparative fault.

14.     Defendant's claim is barred as a matter of law and by the defense of sovereign immunity.

15.     Defendant is not entitled to the relief sought.

16.     Plaintiff reserves the right to assert such other defenses as he may determine through discovery or otherwise.


REPLY TO COUNTERCLAIM VII– CONDUCTING PERSONAL BUSINESS AND ACTIVITIES WHILE ON DUTY-CONVERSION AND UNJUST ENRICHMENT

1.      Plaintiff restates and incorporates by reference, as if fully set forth herein, his answers to allegations contained in paragraphs 1-35 from Counterclaim I and answers to

24

allegations contained within paragraphs 1-6 inclusive from Counterclaim II above, the answers

to allegations contained in paragraph 1-17 from Counterclaim III above, and the answers to

allegations contained in paragraph 1-32 inclusive from Counterclaim IV above, and the answers

to allegations contained in paragraphs 1-20 inclusive from Counterclaim V above, and the

answers to allegations in paragraphs 1-24 inclusive from Counterclaim VI above..

2.      Plaintiff objects to paragraph 2 as vague and ambiguous and not sufficiently

limited in time and scope.  Without waiving said objections, Plaintiff states that Plaintiff

occasionally used his break time to stop for soda or coffee at his girlfriend's house.

3.      Plaintiff objects to paragraph 3 as vague and ambiguous and not sufficiently

limited in time and scope.  Without waiving said objections, Plaintiff admits that Plaintiff

occasionally used his break time to stop for soda or coffee at his girlfriend's house while in

uniform.

4.      Plaintiff denies the allegation contained in paragraph 4.

5.      Plaintiff objects to paragraph 5 as vague and ambiguous and not sufficiently

limited in time and scope.  Without waiving said objections, Plaintiff denies the allegation

contained in paragraph 5.

6.      Plaintiff denies the allegation contained in paragraph 6.

7.      Plaintiff is without sufficient information or belief to admit or deny paragraph 7

and therefore denies paragraph 7.

8.      Plaintiff objects to paragraph 5 as vague and ambiguous and not sufficiently

limited in time and scope.  Without waiving said objections, Plaintiff denies paragraph 8.

9.      Plaintiff denies violating any directive of his immediate supervisor and therefore

denies paragraph 9.

10.    Plaintiff objects to paragraph 5 as vague and ambiguous and not sufficiently limited in time and scope and therefore denies paragraph 10.

11.    Plaintiff admits the allegation contained in paragraph 11.

12.    Plaintiff admits the allegation contained in paragraph 12.

13.    Plaintiff admits the allegation contained in paragraph 13.

14.    Plaintiff objects to paragraph 14 as vague and ambiguous and not sufficiently limited in time and scope. Without waiving said objections, Plaintiff admits driving in his police vehicle and meeting on a brief occasion with Kevin Ahlbrand at Greg Eagle Distributing. Plaintiff denies all remaining allegation contained in paragraph 14.

15.    Plaintiff denies the allegation contained in paragraph 15

16.    Plaintiff denies the allegation contained in paragraph 16.

17.    Plaintiff denies the allegation contained in paragraph 17.

18.    Plaintiff denies the allegation contained in paragraph 18.

WHEREFORE, Plaintiff asks the Court to dismiss Defendant City's Counterclaim VII, to access Plaintiff's costs of Court against Defendant, award Plaintiff attorneys' fees and for such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

<u>AFFIRMATIVE DEFENSES - COUNT VII</u>

1.    Plaintiff specifically denies each and every allegation and legal conclusion not specifically admitted herein.

2.    There was no inequity or injustice in the manner in which Plaintiff made use of

26

on duty work time.

3.      Defendant is not entitled to the relief sought and fails to establish the elements of the claim.

4.      Defendant City's Counterclaim at issue regarding Plaintiff's alleged conducting personal business and personal activities while on duty is a form of retaliation against Plaintiff for filing a Complaint to redress grievances of public concern.

5.      Plaintiff states that Defendant's claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

6.      Defendant has failed to state a claim upon which relief may be granted.

7.      Defendant's claim is barred by the applicable statutes of limitation.

8.      Defendant's claim is barred by and/or subject to comparative fault.

9.      Defendant's claim is barred as a matter of law and by the defense of sovereign immunity.

10.     Defendant is not entitled to the relief sought.

11.     Plaintiff reserves the right to assert such other defenses as he may determine through discovery or otherwise.

Respectfully Submitted,

THE KLOEPPEL LAW FIRM
LAW OFFICES OF KEVIN J. DOLLEY, LLC


By: _____KEVIN J. DOLLEY_____s/s_____
GREG KLOEPPEL, USDC #85918
KEVIN J. DOLLEY, USDC No.: #117137
Attorneys for Plaintiff
9620 Lackland
St. Louis, MO 63114
Phone: (314) 423-8003
Fax:  (314) 423-8054

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed October 6, 2005 electronically with the Clerk of the Court to be served by operation of the court's electronic filing system upon the following: C. John Pleban, Michael J. Schaller, PLEBAN & ASSOCIATES, LLC, 2010 S. Big Bend Blvd., St. Louis MO 63117, John S. McCollough, Paul Simon, Jr., HELFREY, SIMON & JONES, P.C., 120 South Central Avenue, Suite 1500, St. Louis, Missouri 63105


_____KEVIN J. DOLLEY_____s/s_____

28